SARAH A. VARY, GUARDIAN v. JEWETT E. CHATTERTON, WIL-
LIAM REYNOLDS, ADM'R, ET AL.

*Foreclosure by guardian—Mistake in description of land—Costs.*

Proof of guardianship is not necessary to authorize the guardian to bring
suit to foreclose a mortgage assigned to him by name as guardian.

The holder of a second mortgage began a foreclosure suit without mak-
ing the prior incumbrancer a party. Pending foreclosure the first
mortgage was assigned, and the assignee foreclosed at law and bid
in the premises. Part of the description was left out of the fore-
closure notice and omitted also from the sheriff's deed by a mistake
for which the assignee was not to blame. Afterwards the holder of
the second mortgage perfected his foreclosure, and he also bid in the
premises. No new rights arose meanwhile. *Held,* on a bill by the
assignee, that the statutory foreclosure might be set aside and a new
foreclosure allowed in equity.

A mortgage for $3000 covering various property contained a stipulation
that when $2000 should be paid the mortgagee was to release a cer-
tain portion of the premises mortgaged. One thousand dollars was
paid and nearly all the rest of the premises was released, but it after-
wards became necessary to foreclose. *Held* that the foreclosure
could not be limited to $1000, as the security on the premises that
had not been released had not been confined to $2000, nor had the
mortgage provided for a release in any case in which it would be
necessary to foreclose.

Costs on granting a new foreclosure should be given to and not against
the opposing party where the occasion for allowing the foreclosure
arose out of a mistake in the complainant's proceedings.

Appeal from Ionia. (Judkins, J.) April 25.—.June 6.

FORECLOSURE. Defendant appeals. Decree modified.

*Morse, Wilson & Trowbridge* for complainant. The
term "guardian" added to the name of the complainant in
foreclosure, is merely descriptive: *Hills v. Bannister* 8
Cow. 31; *Taft v. Brewster* 9 Johns. 334; *Barker v. Mechan-
ics' Ins. Co.* 3 Wend. 94; *Thacher v. Dinsmore* 5 Mass.
299; *Forster v. Fuller* 6 Mass. 58; *Thornton v. Rankin* 19
Mo. 193; *Chadsey v. McCreery* 27 Ill. 253; but a guard-

ian to whom a mortgage is assigned as guardian, may foreclose it : *Livingston v. Jones* Har. Ch. 165.

*Henry C. Sessions* for defendant Reynolds.   It is no part of the duty of a court of equity to relieve against negligence and blunders : Will. Eq. Jur. (1st ed.) 71 ; 1 Story Eq. Jur. § 146 ; *Upham v. Hamil* 23 Amer. 525 ; 2 Whart. on Ev. §§ 934, 1028 ; Kerr on Fraud 432–6 ; *Penny v. Martin* 4 Johns. Ch. 566 ; *Taylor v. Fleet* 4 Barb. 95 ; *Ludington v. Ford* 33 Mich. 123 ; *Tripp v. Hasceig* 20 Mich. 254, 258 ; *Climer v. Hovey* 15 Mich. 18 ; *Locke v. Whiting* 10 Pick. 279 ; *Young v. McGown* 62 Me. 61 ; *Deare v. Carr* 3 N. J. Eq. 513 ; *Wood v. Patterson* 4 Md. Ch. 335 ; *Graham v. Berryman* 19 N. J. Eq. 29.

CAMPBELL, J.   This is a bill to set aside a statutory foreclosure and obtain a new foreclosure, by reason of a mistake in the sale.

In January, 1873, defendants Jewett and Amorette Chatterton executed to Horace J. Perrin a mortgage for $3000 on 265 acres of farming land, and also lot 17 and the 35 southwesterly feet of lot 18 in Hubbardston, Ionia county, with the brick buildings on the lots.

On the 15th of April, 1875, Perrin released from the mortgage all but the town lots.   On the 22d of August, 1879, he assigned the mortgage to complainant there being then unpaid $2000, with interest at 10 per cent. from January 13, 1879.   This assignment being to her by name as guardian, required no proof of guardianship to authorize her to sue.

August 13, 1875, the same mortgagors mortgaged the town lots to Warren A. Sherwood for $1241.78, due in 16 months, with interest at 10 per cent.

On the 11th day of February, 1879, Reynolds, as Sherwood's administrator, filed a bill to foreclose the Sherwood mortgage, but did not make Mrs. Vary a party.   It does not appear that her assignor was brought in.

On the 17th day of April, 1880, sale was made under the

decree rendered in that case, and the administrator bid in the property and went into possession.

The mortgagor is admitted to be insolvent, and to have been so at the time of the statutory sale.

January 24, 1880, the mortgage belonging to complainant was foreclosed by statutory sale for the amount due. The notice of foreclosure misdescribed the property, by entirely leaving out lot 17, and this error was followed in the deed. The land was bid off for the entire sum due, and the mistake was not discovered by complainant or her agent until after the redemption expired. An irregular practitioner named Weatherwax claims to have discovered the error, and offered to disclose it if employed to foreclose, but he did not explain what defect he had discovered, and he was a stranger to the interests involved.

The court below, on a showing of the facts, granted a new foreclosure in equity. Sherwood's administrator appeals.

The mistake was clearly made out, and it does not appear that complainant was in any way to blame for it. No new rights have intervened, and Sherwood's estate has parted with no additional funds. The Sherwood mortgage was taken when the record showed the complainant to have a prior encumbrance on all the property. The record was in the same condition when the Sherwood foreclosure sale was made.

There seems to be no good reason why, under these circumstances, the mistake should not be corrected, and a new foreclosure had.

It is claimed, however, that under the terms of the mortgage this town property was only held for $2000, and that the foreclosure should be confined to one thousand dollars and interest, inasmuch as one thousand dollars of principal was paid several years ago. The clause relied on is the following: "It being hereby agreed that when the mortgage of two thousand dollars given to George Chatterton on the above-described land is fully paid and discharged, and two thousand dollars is paid on this mortgage, then the mort-

gagee is to release from this mortgage the brick block described herein," etc.·

It is a sufficient answer to this suggestion that the mortgage does not confine the security on this land to two thousand dollars or provide that the release shall be made if the mortgagee is obliged to resort to a foreclosure. It is presumable that the release of the remainder of the property was made with the expectation that no further release could be required. No reason can be found for supposing that either party imagined after that release that half of the debt remained unsecured.

There are, however, two serious errors in the decree. Two thousand dollars, with interest from January 13, 1879, is all that can be demanded beyond the taxes. The amount, therefore, to be recovered will be $2000, with interest at 10 per cent. from January 13, 1879 ; and for taxes $40.49, with interest at 7 per cent. from July 31, 1880, and $31.42, with the same rate of interest from December 23, 1881. No costs should be given in either court against the administrator, inasmuch. as the occasion for filing this bill was a mistake in complainant's own proceedings, for which no one else ought to be compelled to pay. The administrator is entitled to costs of both courts, and complainant must pay them. None of the other parties to pay or recover them.

The decree must be modified to conform to these rulings, and the time for payment be extended until September 1, 1883. The case to be remanded for further proceedings.

GRAVES, C. J. and COOLEY, J. concurred.