## WILLIAM H. CLARK *vs.* MARY E. FONTAIN.

Suffolk. January 27. — March 23, 1887.

On a bill in equity by C. against F., in 1878, to restrain F. from foreclosing a mortgage held by F. on land of C., it appeared that F. held a mortgage from H. on a tract of land which had subsequently been divided by H. into three lots; that by the terms of the mortgage F. agreed with H., his representatives and assigns, to release any portion or portions of the land, on being paid a certain rate per foot, all sums so paid to be indorsed on the mortgage note, F. not being required to release so as to impair the mortgage as security for the part of the debt remaining unpaid. H., after dividing the lots, built dwelling-houses on two of them. He then conveyed one of these lots to C. by a warranty deed, and afterwards conveyed the other lot to S. by a similar deed, leaving the vacant lot unsold. F., against the protest of C., allowed S. to redeem his lot by paying the price per foot stated in the mortgage. The vacant lot was insufficient to satisfy the mortgage debt, although it was sufficient with the lot of S. In 1883, the court decided that C. was not entitled to maintain the bill; but allowed it to be amended so as to be in form a bill for a release of the land from the mortgage on paying the stipulated price per foot. C. amended his bill accordingly, and joined S. as a party, but subsequently, by agreement of parties, the bill was discontinued as to S. It appeared from the amended bill, that, after S paid F. the

sum stipulated for the release of his lot, there was due on the mortgage a sum largely exceeding the value of the vacant land. *Held,* that C. was entitled to a release of his lot, on paying the price per foot mentioned in the mortgage, without interest.

BILL IN EQUITY, filed March 23, 1878, to restrain the foreclosure of a mortgage of a parcel of land, and to compel the mortgagee to release the land from the mortgage. The case was reserved for the consideration of the full court, in substance as follows:

On November 7, 1870, Horace Sargent and Prentice Sargent, being the owners of a parcel of land in Boston, mortgaged the same to the defendant by a deed recorded November 18, 1870, and containing the following clause: " The grantee, for herself, her heirs, executors, administrators, and assigns, hereby agrees with the grantors, their legal representatives and assigns, that she will release from time to time, whenever requested, any portion or portions of said land . . . . on being paid therefor at the following specified rates; viz. for upland . . . . at the rate of fifty cents per foot, . . . . and all sums so paid for releasing said land . . . . shall be indorsed on the mortgage notes, . . . . and be so much paid on the mortgage debt. Provided always that the mortgagee shall not be required to release under the foregoing provisions so as to impair this mortgage as security for the part of the mortgage debt remaining unpaid."

After the mortgage was given, the mortgagors divided the land into house-lots, and on January 14, 1873, conveyed to the plaintiff by a deed of warranty, which was recorded on January 15, 1873, one of said house-lots, containing twelve hundred feet, which lot is the one in regard to which the plaintiff seeks relief. On January 14, 1874, the mortgagors conveyed to Margaret Smith, by a deed of warranty recorded on March 14, 1874, another of said lots, also containing twelve hundred feet. Prior to either of these two deeds, the mortgagors had erected upon each of the two lots conveyed, which were upland, a dwelling-house of the value of $3000; and at the date of the deed to the plaintiff, there was due upon said mortgage a sum not exceeding $2100.

The rest of the premises conveyed by the mortgage consists of vacant upland, the value of which does not exceed $1000, and

which still remains in the hands of the mortgagors, who are insolvent.

The mortgage became due on November 7, 1876. At the time of the deeds to the plaintiff and Smith, the mortgagors did not disclose the fact of the existence of the mortgage, and neither the plaintiff nor Smith knew of such mortgage until March 4, 1878.

On March 2, 1878, the defendant advertised the whole of the estate described in said mortgage for sale on March 26, 1878, under the power of sale contained in said mortgage, there having been a breach of the condition thereof, and notified the plaintiff, Smith, and the mortgagors of such proposed sale.

The plaintiff, hearing that Smith had demanded of the defendant a release of the Smith lot upon payment of fifty cents per foot therefor, notified both the defendant and Smith of his deed from the mortgagors, and protested against the Smith lot being released, unless the defendant first released the plaintiff's lot, or applied the full value of the Smith lot and said vacant land toward the payment of the mortgage. On March 14, 1878, after such notice and protest to the defendant and Smith, the defendant did release the Smith lot to Smith for the sum of $600 paid by her. At the time of such release, the fair market value of the Smith lot was $3500, and the value of the vacant land covered by said mortgage and never conveyed by the mortgagors was $1000, and the value of the plaintiff's lot was $3500.

In the deed of the Smith lot from the mortgagors to Smith, and in said release to Smith, the land is described as bounded "northeasterly by the estate of W. H. Clark, 60 feet."

The plaintiff contended that the defendant should be held to have received the full value of the Smith lot, or so much thereof as should be sufficient to pay said mortgage, or so much thereof as would, with the vacant land still held by the mortgagors, pay said mortgage, and asked that the defendant be decreed to release the plaintiff's lot from the operation of said mortgage.

Such decree was to be entered as law and justice might require.

After the decision, reported 135 Mass. 464, that the plaintiff was not entitled to the relief sought, but was entitled to amend

his bill, "by making it a bill to redeem," and that the bill was to stand to allow the plaintiff to apply for leave to amend, the plaintiff, on June 4, 1884, filed an amended bill making Margaret Smith a party, alleging the facts on which the case was before reserved, and that after Smith paid $300 to Fontain and received from her a release of her lot, there was due and unpaid upon the mortgage debt the sum of $1800, which largely exceeded the value of the vacant land, which did not exceed $1000. The plaintiff also offered to pay Fontain $600 for the release of the plaintiff's lot.

The bill contained the following prayers for relief: "1. That it may be determined what sum, if any, the plaintiff shall be required to pay the defendant Fontain to redeem his said estate from said mortgage. 2. That the defendant Smith may be decreed to pay, within a time named, to the plaintiff, such sum as she may be so required to pay the defendant Fontain. 3. That the sum so decreed to be paid by the defendant Smith may be decreed to be a charge and lien upon said estate of the defendant Smith, and in default of payment, within the time named, by the defendant Smith to the plaintiff of the sum so decreed to be paid, that the estate of Smith be sold, and the net proceeds, so far as necessary, applied to the payment of the sum so to be paid by the plaintiff to said Fontain. 4. That it be decreed that said Fontain, upon being paid the sum so required to be paid to her by the plaintiff, shall execute and deliver to the plaintiff a release of his said estate from the operation of said mortgage, and that his said estate shall be thereby forever exonerated from all claims under said mortgage. 5. That in the mean while the defendant Smith may be restrained by the order and injunction of this court from conveying or incumbering her said estate, or prejudicing the plaintiff's rights therein. 6. That, for the purposes aforesaid, all necessary or proper accounts may be taken, inquiries made, and directions given. 7. That the plaintiff may have such further or other relief as the nature of the case may require."

On December 10, 1884, by agreement of parties, the bill was discontinued as against Smith.

On September 14, 1886, the defendant Fontain filed an answer, alleging that there was now due her on the mortgage a

much larger sum than $600; that the premises now subject to the mortgage consisted of the plaintiff's lot and another lot of vacant land; that the release of the plaintiff's lot for $600 would greatly impair the mortgage as security for the part of the mortgage debt remaining unpaid after the application of said sum of money.

The case was then heard on the facts first above set forth, and on those stated in the amended bill, which were found to be true; and a decree was entered on November 10, 1886, that the plaintiff was entitled to a release on payment of the sum of $600, and interest from the date of the decree.

*J. E. Cotter & C. F. Jenney*, for Fontain. 1. The right of the plaintiff to redeem his estate from the mortgage, without the payment of the full amount due thereon, if it exists at all, must depend upon the agreement contained in the mortgage. Apart from this agreement, no owner of the equity of redemption in a part of the premises conveyed by said mortgage could maintain a bill to redeem his part of said premises without the payment of the full amount due thereon. *Taylor* v. *Porter*, 7 Mass. 355.

It appears that the remaining portion of the land conveyed by said mortgage is vacant land, and of small value, and is insufficient to pay the debt secured by said mortgage; that the said remaining land does not exceed $1000 in value.

The amount due the defendant was, at the date of the entry of the last decree, over $1800, which largely exceeds the value of the land that would be left subject to the defendant's mortgage after a release to the plaintiff of his land.

It is submitted, therefore, that to require the release of the plaintiff's land for the sum of $600 will leave due upon the mortgage over $1200, with land remaining subject thereto which does not exceed $1000 in value, and that such a release would greatly and fatally impair the defendant's mortgage as security for the part of the mortgage debt then remaining unpaid. And as the agreement contained in said mortgage, and upon which the plaintiff's claim is now based, is conditional, and contains the provision, " Provided always that the mortgagee shall not be required to release under the foregoing provisions so as to impair this mortgage as security for the part of the

mortgage debt remaining unpaid," the plaintiff is not entitled to redeem under the said agreement, but must pay the entire amount due under said mortgage in order to redeem.

At the former hearing before this court, the amount then due under said mortgage was not stated in the report of the case, and it did not then appear that a release to the plaintiff would impair the defendant's security. The language used by the court in that decision was not based upon the facts now existing and before the court. If the plaintiff had offered to redeem his premises in March, 1878, the time of the release to Smith and also the time of filing his original bill, he then might have been able to avail himself of the provisions of said agreement, but it is submitted that he cannot now do so.

2. If the plaintiff is entitled to redeem, which is not admitted, he should be compelled to pay interest on the amount named therein from the date of filing the original bill, March 23, 1878, at least to the date of the first decree in this case, September 19, 1883. During all this time, the plaintiff prevented the defendant from foreclosing said mortgage, and realizing thereon. Up to the last date the plaintiff never intended nor offered to pay to the defendant any amount whatever in redemption of his premises. During all this time, the interest due the defendant was increasing, thus impairing the security, although the defendant was rightfully resisting the plaintiff's claim, as has already been decided. The plaintiff's act prevented the defendant from realizing anything upon her security, and he is not now in equity and good conscience entitled to redeem without paying interest upon said amount by way of compensation for the injury and delay he has caused the plaintiff. *Frazer* v. *Bigelow Carpet Co.* 141 Mass. 126.

*H. W. Bragg*, for the plaintiff.

GARDNER, J. The opinion in this case, when it was last before us, contained the following language : " The plaintiff can procure a release by the payment of the specified sum. . . . . The plaintiff appears to have a right to redeem upon the payment of the agreed sum per foot, and the bill is to stand to allow him to move to amend by making it a bill to redeem." The words " right to redeem," and " bill to redeem," mean the same as " right to obtain a release," and " bill to obtain a

release." *Clark* v. *Fontain*, 135 Mass. 464. The court expressed the opinion that the plaintiff was entitled to a release upon the payment of the agreed sum per foot, and the bill was ordered to stand to enable the plaintiff to amend his bill accordingly. Upon reconsideration, we think that the plaintiff is entitled to a release from the mortgage upon the payment of the stipulated price per foot.

The defendant contends that she is entitled to interest on the sum of $600, which is the amount of fifty cents per foot on the number of feet in the plaintiff's land, from the date of filing the original bill. By the terms of the agreement in the mortgage, the grantee agrees that she will release from time to time, whenever requested, any portion of the land, on being paid at the rate of fifty cents per foot, and all such sums shall be indorsed on the mortgage notes, and be so much paid on the mortgage debt. The agreement is to release whenever requested, on being paid the specified sum. The original bill was to restrain the foreclosure of the mortgage on the plaintiff's land, and to compel the mortgagee to release the land from the mortgage. The amended bill offers to pay $600, the stipulated price, for a release of the plaintiff's land from the mortgage. The plaintiff has offered to pay the amount for a release, and the defendant has refused to execute a release except upon the payment of a larger sum. No interest is specified in the agreement, and it is apparent that none was intended to be paid by the owners of the several lots. It is difficult to determine, if interest is to be paid, at what time it is to begin to run. The release was to be given whenever requested, on payment of the specified sum. The plaintiff has requested a release, and the defendant has refused to give one upon the payment of the amount offered. At the hearing before a single justice, it was found and determined, in substance, that there was no agreement to pay interest, and that therefore it did not begin to run until the time of the decree fixing the amount to be paid. A majority of the court are of opinion that there is no error in this determination. *Decree affirmed.*