COMMERCIAL BANK OF IRON MOUNTAIN *v.* HILLER.

1. Mortgage—Stipulation for Partial Release—Construction.
   Where a mortgage covering several lots provides that the mortgagee will release from the lien of the mortgage, without consideration, a certain number of the lots as fast as sold, and at such time or times as the mortgagor may request, the latter is entitled to the release of lots that are within the terms of the stipulation upon making demand therefor at any time before foreclosure.

2. SAME—PAYMENTS.

Under a stipulation in a mortgage that the mortgagee will, "on demand," release from the lien of the mortgage a certain number of the lots covered thereby, "upon the payment" of a specified sum for each lot so to be released, the same to be applied upon the indebtedness secured, payment and demand must be concurrent, and the mortgagor, having made merely the payments that he was bound to make by the terms of the mortgage, cannot afterwards demand the release of a proportionate number of lots.

Appeal from Dickinson; Stone, **J.**  Submitted June 11, 1895.  Decided July 2, 1895.

Bill by the Commercial Bank of Iron Mountain against John M. Hiller and others to foreclose a mortgage.  Complainant appeals from a foreclosure decree providing for the release of a part of the mortgaged premises.  Decree modified.

*Cook & Pelham,* for complainant.

*F. J. Trudell (Newman & Northrup,* of counsel), for defendants.

MONTGOMERY, J.  This is a foreclosure suit.  Defendant Hiller, on the 30th day of December, 1890, executed to defendants Jones and Crowell a mortgage covering the entire plat of Lakeside, in Dickinson county, excepting five lots previously sold.  The mortgage was conditioned for the payment of three notes, of even date, for $3,750 each, due in 9, 15, and 18 months, respectively. Defendants Jones and Crowell subsequently assigned the mortgage to complainant, and indorsed the notes. The other defendants are subsequent purchasers.  The court below decreed foreclosure, but also decreed that certain of the lots should be released from the mortgage, and complainant appeals from this portion of the decree.

The mortgage contained the following provisions:

' 1. "Said John T. Jones and Joseph A. Crowell, for themselves and their heirs, executors, administrators, and

assigns, hereby agree, and this mortgage is made upon the express condition, that they will release from the lien and operation of this mortgage and the indebtedness hereby secured, without payment, charge, or compensation, one-fifth of all the lots in said Lakeside subdivision hereby conveyed, as fast as they are sold or contracted to be sold, at such time and times as said John M. Hiller, or his assignee or grantee, may request such lots to be so released."

2. "And said John T. Jones and Joseph A. Crowell, for themselves and their heirs, executors, administrators, and assigns, hereby further agree, and this mortgage is made upon the express condition, that they will, on demand, release from the lien and operation of this mortgage, and the indebtedness hereby secured, the remaining four-fifths of said lots hereby conveyed, upon the payment of one hundred and fifty dollars ($150) for each and every lot to be so released, and, when paid, to be applied and credited upon said indebtedness."

The first two notes secured by the mortgage were paid at maturity, and, on the day of its date, the last note was reduced by a payment of $1,093.75. The interest was also subsequently paid on the last note at its maturity. On November 8, 1893, the mortgagor made demand for the release of certain lots, which had been sold or contracted to be sold, under the provision of the mortgage calling for the release of one-fifth of the lots when sold, and also requested the release of 57 of the remaining four-fifths of the lots so mortgaged, being one lot for each $150 of principal paid. Complainant refused compliance with these demands, and on December 6, 1893, this bill was filed.

We think the conclusion of the learned circuit judge that, under the first stipulation above quoted, the mortgagor had the right to have one-fifth of the lots covered by the mortgage released when sold or contracted to be sold, upon making demand therefor at any time, is fully sustained by authority, and is correct in principle. The undertaking is absolute, and not limited as to time, but, on the contrary, the contract is to release at such time or times as the mortgagor or his assigns or grantees may

request. See *Nims* v. *Vaughn,* 40 Mich. 356; *Chrisman* v. *Hay,* 43 Fed. Rep. 552; *Vawter* v. *Crafts,* 41 Minn. 14.

A different question is presented, however, by the second stipulation. No payment was made upon the mortgage distinctively as payment for a release. On the contrary, the payments made were such as the mortgagor was bound to make, and he was still in default when the demand for the release of the lots under this stipulation was made. The agreement of the mortgagees was that, *on demand* and *upon payment* of $150 for each lot to be released, they would release lots from these remaining four-fifths. This stipulation evidently contemplated that the payment and the demand for release were to be concurrent, and the mortgagees had the right so to treat it. It appears that, no such demand having been made, they rested upon the security of this mortgage, and delayed foreclosure for one and one-half years after its maturity. It cannot be doubted that they during this time thought, and had the right to think, that the mortgage covered the land, and it would be inequitable to require them now to release any portion of this security. See *McComber* v. *Mills,* 80 Cal. 111.

The decree of the court below will be modified to conform with this opinion. Complainant will recover costs of this appeal.

The other Justices concurred.