James R. Lane v. Jesse M. Allen et al.

1. Equity—*Familiar Principles.*—He who asks equity must do equity.

Foreclosure.— Appeal from Superior Court of Cook County; the Hon. John Barton Payne, Judge, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed November 18, 1895.

Arnd, Evans & Arnd, attorneys for appellant; Lynden Evans, of counsel.

Frake & Peake, attorneys for appellees.

Mr. Justice Waterman delivered the opinion of the Court.

The facts material in this case are as follows:

Upon the 4th day of June, 1891, the appellant, James R. Lane, on the one part, as purchaser, and the appellees, Jesse M. Allen and Evelyn A. Frake as sellers, executed a contract whereby Lane agreed to buy, and Jesse M. Allen and Evelyn A. Frake agreed to convey to Lane, or to whomsoever he should designate, for the sum of $13,140, lot 5 in the subdivision of the southeast half of the northeast quarter of section 9, town of Jefferson, Cook county, Illinois, paying as earnest money, $250, and agreeing to pay, on or about August 1, 1891, $3,035, the balance, $9,855, to be secured by notes divided between Jesse M. Allen and Evelyn A. Frake. In pursuance of such contract a deed and notes were made, which notes were secured by a trust deed to James Frake, which trust deed contained a partial release clause, which is as follows:

"It is provided and herein agreed on the part of the parties in interest herein that said above described premises" (being lot five above mentioned) "may be subdivided, and that on payment of five hundred dollars or more at any time or times on the indebtedness secured hereby, a part or

parts of said premises shall be released therefrom, the amount to be so released to be determined as follows, to wit: providing the said premises are so subdivided that there shall be not less than twenty-four hundred feet of street frontage, the payment for the release of the first fifty feet at all corners (meaning corners made by the intersection of streets), and for all lots fronting on the Elston Road the rate shall be six dollars per front foot; for all lots fronting on the street running along the southeasterly side of said lot five, except the first fifty feet at the corners, the price shall be five dollars per front foot, and for all the remainder the rate shall be four dollars per front foot. If the tract is so subdivided that there shall be less than 2,400 feet of street frontage the amount that shall be released on payment as hereinbefore provided, shall be determined by the said James Frake, trustee."

In accordance with the provisions of the contract, Lane designated Herbert L. Bailey as the person to whom the deed from Jesse M. Allen and Evelyn A. Frake should be made, and Herbert L. Bailey signed the notes and trust deed, and the notes and trust deeds were made in Mr. Bailey's name for business convenience and to avoid Mr. Lane's responsibility, as Mr. Lane says. The deferred payments were to come due in one, two and three years after date, and the notes due the first year were paid as follows: On the 27th day of June, 1892, James R. Lane paid James Frake, trustee, $591.30, and on the 19th of August, 1892, paid $3,332.90; whereupon Frake surrendered to Lane the two notes evidencing the payment due one year after the date of the purchase, being two of the notes secured by said trust deed. October 1, 1893, Bailey conveyed the premises by warranty deed to Alfred B. Church. On the 20th day of October, 1893, a subdivision of said premises was made. By this subdivision lot 5 of the subdivision by the executors of Sarah Anderson, deceased, became block 1 (having forty-nine lots) and block 2 (having fifty-two lots) of said A. J. Vesey's subdivision. Church conveyed the premises to Lane, and thereupon Lane conveyed the premises to A. J.

Vesey, who secured part of the purchase money by a junior incumbrance on the property sought to be released by Lane's cross-bill, such incumbrance conveying lots 1 to 10, both inclusive, in block 1, and lots 1 to 10, both inclusive, in block 2, in said subdivision; said second incumbrance notes and trust deeds are the property of James R. Lane.

Upon the 29th day of May, 1894, Lane requested of Frake a release of lots 1 to 10, both inclusive, in block 1, and lots 1 to 10, both inclusive, in block 2, in said A. J. Vesey's Jefferson Park and Forest Glen Addition to Chicago, upon which he held the junior incumbrance, with which request Frake declined to comply. This demand was repeated on several occasions by Lane during the months of July and August, 1894, and Lane tendered Frake $3 as a release fee, and presented a proper release, ready for execution and acknowledgment. Frake on each occasion refused to make the release. Lane failed to pay the taxes of 1892 upon the said lot 5, which Allen paid, and the taxes of 1893, Allen also paid, and on the 7th day of August, 1894, Lane paid to Frake $30, and took his receipt therefor, being the share of taxes due upon that part of the original premises which Lane seeks to release by his cross-bill, i. e., a release of twenty lots only out of 101.

Upon the 20th day of June, 1894, Jesse M. Allen, his sister, Evelyn A. Frake, and her husband, James A. Frake, filed their bill to foreclose the original trust deed, for default in payment of the notes maturing the second and third years. Lane answered the bill, and upon August 2, 1894, filed his cross-bill, setting up the chain of title and the demand for the trust deed, showing that the premises had been subdivided so as to have more than 2,400 feet of street frontage, and that he has paid more than $500, as provided in the partial release clause, and alleging that the amount that he had paid was more than sufficient to entitle him to the release of lots 1 to 10, both inclusive, in block 1, and lots 1 to 10, both inclusive, in block 2, in said subdivision; also setting up that Bailey had taken the title for Lane's business convenience; that Lane was the actual

owner of the fee during the time the title was in Bailey and Church, and that this was well known to Allen and the Frakes; upon an amendment of this bill, Lane set up that he, Lane, is the actual debtor upon the notes executed by Bailey.

The case was referred to a master, who found in favor of Lane, and upon exceptions by Jesse M. Allen and Evelyn A. Frake, the said finding was set aside and the cross-bill was dismissed, from which order dismissing the cross-bill this appeal is prayed.

It is a familiar principle that he who asks equity must do equity. The case of Commercial Bank of Iron Mountain v. Hiller et al., 63 N. W. Rep. 1012, is much like that at bar.

Appellant comes before the court claiming to be entitled to a release of premises from a past due incumbrance, which he declares was made at his instance, for his benefit and the indebtedness secured by which he owes; he asks for a partial release, in accordance, as he claims, with the terms of the trust deed, while at the same time he refuses to pay what is due by the provisions of the same deed. What he owes and fails to pay is a charge upon the portion which he seeks to have released. Why, then, should his creditor and the trustee be compelled to do equity when appellant will not? Why should a court of equity enforce one side of the agreement and let the other remain in default?

In what way is the equity of appellant stronger than that of appellees? The decree of the Superior Court is affirmed.