CHARLES E. BALDWIN v. GEORGE H. BENEDICT et al., Appellants.

RIGHT TO MAKE PARTIAL PAYMENT: *After default.* A mortgagor, entitled to pay part of the mortgage debt, and to demand a release of a proportionate amount of the land "during the pendency of the mortgage," cannot avail himself of such right after default, and after action has been commenced.

CONSTRUCTION OF CONTRACT: *Partial payment at time of sale.* At the time of the execution of a purchase money mortgage, the mortgagee executed an agreement providing that, on payment of a certain sum per acre, he would release a proportionate amount of the land during the pendency of the mortgage. *Held,* that though the agreement was part of the sale, it did not apply to the amount paid when the sale was made.

*Appeal from Harrison District Court.*—HON. FRANK R. GAYNOR, Judge.

TUESDAY, MAY 22, 1900.

ACTION for judgment on one promissory note for three thousand four hundred dollars executed by defendant George H. Benedict to the plaintiff, and for a decree foreclosing a mortgage on real estate executed by said Benedict and wife to secure the payment of said note. C. D. Stevens was made a defendant, but is not a necessary party to this appeal. The contentions to be considered are between the plaintiff and George H. Benedict. The issues will appear in the opinion. Judgment and decree were rendered in favor of the plaintiff. Defendant appeals.—*Affirmed.*

*S. H. Cochran* for appellant.

*Roadifer & Arthur* for appellee.

GIVEN, J.—I. On March 20, 1894, plaintiff sold to defendant a certain forty-four-acre tract of land for the agreed price of four thousand four hundred dollars, of which one thousand dollars was paid in cash, and for the balance defendant executed the note and mortgage sued upon; his wife joining in the mortgage. The defendant failed to pay the taxes on said land, wherefore, by the terms of the mortgage, the entire debt became due. The plaintiff executed and delivered to the defendant a writing as follows: "Whereas, Geo. H. Benedict has this day purchased of me the southwest quarter of the southeast quarter of section fifteen, township eighty (80), range forty-two (42), also lot numbered 'G' in the southwest quarter of the southwest quarter of section fourteen (14), township eighty (80), range forty-two (42), for the sum of forty-four hundred dollars, one thousand paid in cash in hand, and a mortgage given by the said Geo. H. Benedict and wife to secure the payment of a note for thirty-four hundred ($3,400) dollars, dated March 20, 1894, and due March 20, 1899, on said above-described premises, I hereby agree to and with the said Geo. H. Benedict that upon the payment to me of the purchase money, to-wit one hundred dollars per acre, I will release from said mortgage such portion so paid for at any time during the pendency of the above-described mortgage. C. E. Baldwin." The whole contention is as to the effect to be given to this writing, taken as it is, or taken as plaintiff asks to have it reformed if reformation is granted. Defendant contends that said writing became a part of the note and mortgage, and that by its terms he has a right to elect to take clear of said mortgage, so much of said land

as he may see fit, by paying plaintiff one hundred dollars per acre therefor, and that, having paid one thousand dollars, he is entitled to select and take ten acres; and he offers to pay one thousand dollars more and to take ten acres therefor, and to reconvey the balance to the plaintiff. Plaintiff contends that said writing was not executed with, and is no part of, the note and mortgage; that it does not, by its terms, include the one thousand dollars cash payment, nor any payments that defendant now offers to make. Plaintiff further claims that, if said writing may be construed as claimed by defendant, it was so made by mutual mistake; that the intention of the parties was to have it provide that "in case defendant should dispose of any portion of the mortgaged premises prior to the time the mortgage was paid, then, in that case, upon the payment to plaintiff at the rate of one hundred dollars per acre for the portion so disposed of, plaintiff would release such portion;" that it was so understood and agreed for the purpose of enabling the defendant to make perfect title to any of said land he might sell before the mortgage was paid. He asks to have it reformed accordingly.

II. We are in no doubt but that said writing was executed as a part of the terms of the sale and purchase of the land, and should be so considered. It relates thereto and to nothing else, and no other purpose for its execution is apparent. While there is some evidence tending to support plaintiff's claim to a reformation, it falls short of what is required to reform a writing as plain and unambiguous as this. Reading this instrument in the light of the attending circumstances, it seems to us quite clear that it does not apply to the one thousand dollar cash payment. Such would have been an unusual contract, as it would have left the plaintiff with no margin as security. A complete answer to defendant's claim is that, although the one thousand dollars were paid on the purchase price when the mortgage was executed, it was executed upon the entire tract of land. If by that payment defendant was to have ten acres of the land free from the mortgage, the ten acres would have been then selected, and the mortgage given on the balance. It is too late, after default, and after this action was begun, for defendant to come in and offer payment of a part of the mortgage debt, and demand a release of a proportionate amount of the land. It was "during the pendency of the above-described mortgage" that plaintiff had agreed to release on payments made. True, the mortgage was pending, but not in the sense meant by this contract. The judgment and decree of the district court are correct, and are AFFIRMED.