### M. M. Brown v. Cleveland Trust Co.

STIPULATIONS IN MORTGAGE FACILITATING SALE OF PREMISES IN PARCELS NOT AVAILABLE TO MORTGAGE AFTER DEFAULT.

A covenant in a mortgage, that the mortgagee shall release a portion of the mortgaged premises from the lien of the mortgage at the request of the mortgagor, upon payment of a stipulated amount, is not available to the mortgagor after his default and after foreclosure proceedings are instituted.

[Proof of this decision and syllabus has been submitted to Judge Winch and corrected.]

ERROR to Cuyahoga common pleas court.

**Carr, Stearns & Chamberlain,** for plaintiff in error.
**Henderson, Quail & Siddall,** for defendant in error.

**WINCH, J.**

The sole question presented by the agreed statement of facts in this case is, whether a covenant in a mortgage, that the mortgagee shall release a portion of the mortgaged premises from the lien of the mortgage at the request of the mortgagor, upon payment of a stipu-

lated amount, is available to the mortgagor after his default and after foreclosure of the mortgage has been begun.

The adjudicated cases upon this subject seem to agree that such stipulations are inserted in mortgages for the purpose of facilitating the sale of the mortgaged premises in parcels, and that it would be inequitable to refuse the benefit of the provision to one who, relying thereon, had purchased before foreclosure was begun. But as to the mortgagor, it has been held that the covenants of the mortgage are mutual and that it would be inequitable to permit the mortgagor to redeem part of the mortgaged premises under the release agreement, while he was in default and unwilling or unable to keep his agreement as to the payment of the balance due on the mortgage and had compelled the mortgagee to institute foreclosure proceedings. Some of the cases emphasize this conclusion by showing that it would be a fraud upon the mortgagee to put the mortgagor in position to select the most valuable lots for release, while in default, thus reducing the mortgage security.

A majority of the court is of this opinion.

Attention is called to. the following cases supporting these conclusions: *Chrisman* v. *Hay*, 43 Fed. Rep. 552; *Reed* v. *Jones*, 133 Mass. 116; *Commercial Bank* v. *Hiller*, 106 Mich. 118 [63 N. W. Rep. 1012].

On the other hand, it is claimed that if the right to a release is to be denied after foreclosure, the mortgage should so state.

The contrary is held in the case of *Vary* v. *Chatterton*, 50 Mich. 541 [15 N. W. Rep. 896], and the cases cited in support of this contention are all distinguishable. The case of *Vawter* v. *Crafts*, 41 Minn. 14 [42 N. W. Rep. 483], involved the rights of a purchaser before foreclosure. The same is true of *Clark* v. *Fontain*, 135 Mass. 464, and *Clark* v. *Fontaine*, 144 Mass. 287 [10 N. E. Rep. 831]; these cases do not overrule the previous case of *Reed* v. *Jones, supra.* The same may be inferred as the fact in the case of *Gammel* v. *Goode*, 103 Iowa 301 [72 N. W. Rep. 531], though the statement of the case does not make this point plain. However that may be, the supreme court of Iowa later made its views clear in the case of *Baldwin* v. *Benedict*, 111 Iowa 741 [82 N. W. Rep. 956], where it held:

"A mortgagor, entitled to pay part of the mortgage debt, and to demand a release of a proportionate amount of the land 'during the pendency of the mortgage,' cannot avail himself of such right after default, and after action has been commenced."

The case of *American Net & Twine Co.* v. *Githens;* 57 N. J. Eq.

539 [41 Atl. Rep. 405], involved four independent owners who jointly mortgaged their lands. The facts are peculiar and are sufficiently distinguished in the opinion from the facts in the case of *Reed* v. *Jones,* *supra.*

However the law may be upon the general proposition discussed, we are all agreed that the provision in question in the mortgage now under consideration is so phrased as inferentially to limit the right of exercising the privilege thereby conferred "until the maturity of the bonds."

We hold that the equities of the matter are with the trust company and the judgment is affirmed.

**Henry** and **Marvin, JJ.,** concur.