## NICHOLAS H. GREEN AND FRANK H. STOCKETT, ADMINISTRATORS,

### vs.

## ROBERT REDMOND AND ELIZABETH A. REDMOND, HIS WIFE.

*Mortgage: to secure home for mortgagee; failure to insure; acquiescence.*

Where a sum of money is paid to the mortgagors and the mortgage provides that if the interest is paid monthly, and if the mortgagee is given a home with the mortgagor, and interest applied to his board and keep, and upon his death the principal should not be demanded, but the mortgage deemed satisfied and paid, upon the death of the mortgagee, when all the other conditions of the mortgage had been complied with, the mere failure to insure for the exact sum called for would not be deemed a default, especially when the failure appears to be acquiesced in by the mortgagee.                    p. 170

*Decided January 16th, 1918.*

Appeal from the Circuit Court of Anne Arundel County. In Equity. (FORSYTHE, JR., J., who signed the decree in conformity with the opinion of BRASHEARS, J., since deceased.)

The facts are stated in the opinion of the Court.

The cause was argued before Boyd, C. J., Briscoe, Burke, Pattison, Urner and Stockbridge, JJ.

*Nicholas N. Green* (with whom was *Frank H. Stockett* on the brief), for the appellants.

*James M. Munroe,* for the appellees.

Urner, J., delivered the opinion of the Court.

This case is closely analogous in principle and material facts to the case of *Howard* v. *Hobbs*, 125 Md. 636. The mortgage and a separate agreement between the mortgagors and mortgagee in that case provided that if no default occurred in the payment of the stipulated interest, or in the performance of the other usual covenants of the mortgage, during the lifetime of the mortgagee, the principal sum therein mentioned should not be demanded at her death, but the mortgage should be deemed paid and satisfied and should thereupon be released by her personal representatives. The interest having been paid during the mortgagee's lifetime, it was held after her death that the mortgage was not enforceable and that the mortgagors were entitled to have it released, either upon the ground that the provisions referred to showed the transaction to be a gift of the fund in question, subject only to conditions which had been fully performed, or upon the theory that, if the money advanced were regarded as a loan, it was effectually forgiven and extinguished under the terms and performance of the agreement between the parties. In the present case the mortgage under consideration recites the payment of $5,000 by the mortgagee to the mortgagors upon the agreement that they shall pay interest thereon at three per cent. annually or in monthly installments, and that if there were no default in the covenants of the mortgage, the principal sum mentioned should

not be demanded by the mortgagee, or his personal repre-
sentatives, and that in the event of the mortgagee's death
before the maturity of the mortgage, which was to continue
for a period of twenty-five years, the sum of $5,000 so
advanced should be deemed a gift to the mortgagors, and the
mortgage should be considered fully paid and satisfied and
should be released by the personal representatives of the
mortgagee. In an agreement executed simultaneously with
the mortgage it was recited that the $5,000 fund was paid
and advanced to the mortgagors upon the understanding and
condition that they should give the mortgagee a comfortable
home for the remainder of his life. It was provided by the
agreement that while the mortgagee was an inmate of the
mortgagors' home, the interest covenanted in the mortgage
to be paid should be applied on his board and maintenance,
but if he should leave the home for any reason, then the
interest should be paid to him in cash in yearly or monthly
installments, and if he should find it necessary to remove
from the home to a hospital or sanitarium on account of
illness, the mortgagors would give him every care and atten-
tion. It was agreed, "in consideration of the premises" and
"other good and valuable considerations," that the mortgage
should terminate upon the death of the mortgagee, and
should then be deemed paid and satisfied and should be
released by his personal representatives, and it was expressly
stated to be the intention of the parties that the principal
sum of money referred to should not be repaid by the mort-
gagors to the mortgagee, "because the said sum is an absolute
gift to them upon his death, and the time specified in the
mortgage, being twenty-five years, was inserted because it is
necessary in mortgages to specify and give the duration of
the mortgage."

For a number of years prior to the advancement of the
money and the execution of the mortgage with which we are
now concerned the mortgagee, Daniel Parke Custis, was
employed as a pharmacist in a drug store in Annapolis owned

by the mortgagor, Robert Redmond, whose wife is a party to both the mortgage and the agreement, and is designated by those instruments as a joint recipient of the fund to which they refer. During the period just mentioned Mr. Custis had been living with the family of Mr. Redmond's sister, and he continued to occupy his quarters there after the mortgage and agreement were executed, although a room was available for his use in the home of Mr. Redmond, but the latter paid for the board and lodging of Mr. Custis at the place where he chose to remain. Several weeks after the transaction under inquiry, the health of Mr. Custis had become impaired to such an extent that he was taken for treatment to Johns Hopkins Hospital, where shortly afterwards he died. The administrators of his personal estate attempted to exercise the formal power of sale contained in the mortgage, and they have appealed from a decree making permanent a preliminary injunction by which their effort to enforce the mortgage was restrained.

According to the expressly declared purpose of the parties to the mortgage and agreement before us, the fund mentioned in those instruments was paid and received as a complete and irrevocable gift, subject only to the conditions specified. Its real character as a gift was not impaired by the fact that such conditions were imposed. As observed by CHIEF JUDGE BOYD in *Howard* v. *Hobbs, supra*: "The mere fact that a donor reserves such rights as an income for life from the thing given, or requires the donee to pay, and secure the payment of, interest to him for life on a sum given, is not sufficient to defeat it as a gift." This principle was fully recognized in the argument for the appellant in the pending case, but the contention has been made that the gift in this instance has failed because of default in the performance of the mortgage covenants relating to the payment of interest during the lifetime of the mortgagee and to the insurance of the mortgaged property for his further security. The evidence in the case shows that after the gift was made

the donees paid for the donor's board and lodging amounts far in excess of the interest reserved for his benefit during his life. Moreover, the mortgage left it optional with the donees to pay the interest either annually or in monthly installments, and the period when the payment of the interest was demandable had not arrived at the time of the donor's death, or even at the time when the enforcement of the mortgage by his personal representatives was undertaken. No default, therefore, can be held to have occurred with respect to that covenant.

The mortgage provided that the property it covered should be insured to the amount of $5,000 against loss by fire and that the policy for the insurance should be endorsed to the mortgagee. This covenant was not observed. The insurance on the property was for a less amount than stipulated, and the policy was not entered to the mortgagee's use. No question, however, appears to have been raised by the mortgagee as to this omission, and the agreement executed cotemporaneously with the mortgage declared in the most explicit and unqualified terms that both instruments should "terminate" upon the mortgagee's death and that the mortgage should then be "deemed paid and satisfied." It would be clearly inconsistent with the donor's intention to treat as a fatal default the non-observance of an insurance covenant which he apparently waived in his lifetime and to which no reference is made in the supplemental agreement of the parties providing for the extinguishment of the mortgage at the time of the donor's death. There was a sufficient compliance with the only conditions which that agreement imposed upon the gift, and consequently by its terms the mortgage became wholly inoperative at the expiration of the mortgagee's reserved interest for life in the donated fund.

The argument for the appellant was partly based upon the theory that the donor may not have been fully competent at the time to make the conditional gift which is here sought to be recovered. We find no adequate support in the

record for such a theory.  The proof is conclusive to the effect that while the donor's health was impaired when the gift was made, he was in full possession of his mental faculties.

The point was raised that the petition for the injunction to prevent a sale under the mortgage did not, as required by Code, Article 66, section 16, allege that the mortgage and all interest due thereon had been fully paid, and it is further contended that the bond filed as a prerequisite to the issuance of the preliminary injunction was not in the form prescribed by law.  As the petition alleges that the mortgage debt and interest were fully satisfied, under the terms of the agreement, and as a *final* decree for a *permanent* injunction on *that ground* is the subject of this appeal, the objections just stated are without force.

There were exceptions to some of the testimony in the case, but they need not be discussed, as the evidence to which they refer has not affected our conclusion.

*Decree affirmed, with costs.*