### TAYLOR *v.* CARTER.

MORTGAGES—FORECLOSURE—RELEASE UPON PARTIAL PAYMENT.

A provision in a mortgage upon 40,000 acres of land that upon payment to the mortgagee of the sum of $1 per acre he would release same, and that the covenants therein contained should extend to and be binding upon the heirs, administrators, and assigns of the parties, is binding upon the holder of the mortgage by descent, and the holder of a second mortgage upon a portion of said mortgaged lands, upon tender of the sum of $1 per acre, was entitled to have same released, although said tender was not made until after commencement of foreclosure proceedings.

Appeal from Roscommon; Smith (Guy E.), J. Submitted June 16, 1920. (Docket No. 69.) Decided July 20, 1920.

Bill by Jane E. Taylor against John Carter, Sara Craig Buckley and others for the foreclosure of a mortgage. Defendant Buckley filed a cross-bill to obtain a release of certain land from said mortgage lien.

From a decree for plaintiff and dismissing the cross-bill, defendant Buckley appeals. Reversed, and decree entered.

*Hiram R. Smith (William T. Yeo,* of counsel), for plaintiff.

*Edward S. Clark (Frank S. Pratt,* of counsel). for appellant.

September 5, 1902, John Carter and wife executed to Charles R. Taylor a mortgage upon some 40,000 acres of land located in Roscommon county to secure the payment of $20,000 which was part of the purchase price of the lands. The mortgage contained the following provisions:

"It is furthermore expressly understood and agreed that the mortgagee shall release any part of said lands upon the payment to him by the said mortgagor or his assigns, of the sum of one dollar per acre upon the lands so released.  *   *   *

"It is further understood and agreed that all of the covenants herein contained shall extend to and be binding upon the heirs, administrators and assigns of the parties hereto."

Shortly after the execution of this mortgage the premises were conveyed to the St. Helen Development Company. From time to time partial releases were executed by the mortgagee until in the aggregate something over 26,000 acres had been released from the lien of the mortgage. The full sum of one dollar per acre had not always been paid to the mortgagee upon. the execution of these partial releases.

July 28, 1911, the St. Helen Development Company executed to defendant Sara Craig Buckley a mortgage to secure the payment of the sum of $6,918.89 upon a portion of the lands described in the mortgage to Taylor, being section 22, town 23 north, range 1 west. This is a fractional section containing 463 55/100

acres, 120 of which has been released from the Taylor mortgage.

Plaintiff acquired the Taylor mortgage by descent and files this bill for its foreclosure. Defendant by way of cross-bill in her answer sets up that she has tendered and offered to pay the sum of one dollar per acre on the lands covered by her mortgage which have not heretofore been released, sets up the refusal of plaintiff to accept such sum, continues her offer and prays that she may be permitted to pay that sum, and upon such payment being made that the lands covered by her mortgage be released from the lien of the Taylor mortgage. Upon the hearing it appeared that there was approximately $20,000 due to plaintiff including about $7,000 paid for taxes, but that none of the taxes paid were upon lands covered by defendants' mortgage. The trial judge at the earnest insistence of defendants' counsel heard the matters set up in defendants' cross-bill prior to the hearing of the case itself. Upon such hearing a decree was entered dismissing defendants' cross-bill on the merits, and from this decree defendant appeals.

FELLOWS, J. (after stating the facts). The procedure here indulged in at defendants' insistence, of disposing of defendants' interest in the case separate and apart from the case itself is not to be commended. Inasmuch as a final decree was entered dismissing her cross-bill on its merits and the case so far as she is concerned has been fully presented, we will consider the questions on this appeal on their merits.

The covenants of the mortgage by its terms extended to the assigns of the parties; this included defendant. *Erichsen* v. *Tapert*, 172 Mich. 457. In *Vawter* v. *Crafts*, 41 Minn. 14 (42 N. W. 483), a case cited with approval by this court in *Commercial Bank* v. *Hiller*, 106 Mich. 118, it was held that covenants such

as we have under consideration run with the land. We therefore come directly to the main question in the case.

Authority will be found holding that the mortgagor who has not performed his covenants may not insist on his right to a partial release given him by the covenants and terms of the mortgage; and authority will also be found that such right may not be exercised after foreclosure proceedings have been instituted. If the question was a new one a more extended consideration of such authorities would be necessary. But the question is foreclosed by the former decisions of this court. In *Nims* v. *Vaughn,* 40 Mich. 356, a mortgage had been given containing a covenant to release a portion of the security. Proceedings had been instituted to foreclose the mortgage, decree had been entered and affirmed by this court on appeal. An independent suit was then instituted for the specific performance of the agreement for the partial release; the relief was granted by the trial court, and the decree affirmed by this court. It was there said:

"The real case in controversy seems to be this: A mortgagee has taken security upon several lots of land which apparently are more than sufficient to protect him, but has agreed with the mortgagor, as a part of the transaction, that the latter may withdraw from the lien the first three of the lots he may have an opportunity to dispose of. Afterwards the mortgagee refuses to perform his agreement, insisting upon its invalidity, and upon various excuses, none of which has force. We see no alternative but to hold him to his agreement."

The case of *Commercial Bank* v. *Hiller, supra,* was a foreclosure suit. The mortgage contained a covenant to release one-fifth of the lots when sold. The decree of the trial court had sustained the rights of the mortgagor to the enforcement of this covenant. Affirming that part of the decree it was said by this court:

"We think the conclusion of the learned circuit judge that, under the first stipulation above quoted, the mortgagor had the right to have one-fifth of the lots covered by the mortgage released when sold or contracted to be sold, upon making demand therefor at any time, is fully sustained by authority, and is correct in principle. The undertaking is absolute, and not limited as to time, but, on the contrary, the contract is to release at such time or times as the mortgagor or his assigns or grantees may request."

And in *Vawter* v. *Crafts, supra,* where a similar question was quite fully considered, and which case was approved in the *Hiller Case,* it was said:

"Construing this covenant in connection with the other provisions of the mortgage, and in the light of the manifest purpose which it was designed to subserve, we are of the opinion that the right to a partial release upon the stipulated terms continues until the mortgagee has fully executed the power by sale of the mortgaged premises."

In the partial releases language was quite uniformly used preserving the mortgagee's lien upon the remaining land, and plaintiff urges that such language should be construed to relieve her from the covenant under consideration. But it must be borne in mind that the mortgage lien thus preserved was subject to the covenant we have quoted. While the mortgage still existed as a lien on the remaining lands it was a mortgage containing an agreement to release on the payment of one dollar per acre. We find nothing in the language of any of the releases or of the mortgage itself which in any way tends to modify this agreement. It may be unfortunate for this plaintiff that her ancestor executed many of these partial releases without receiving the full sum of a dollar per acre for the land released, and it may also be unfortunate that her ancestor entered into this agreement; but courts cannot make contracts for parties; they can

211—Mich.—24.

only enforce them as made. By the terms of the mortgage plaintiff's ancestor agreed that he would release "any part of said lands upon the payment to him by the said mortgagor or his assigns of the sum of one dollar per acre." By this provision plaintiff is bound. This court cannot do otherwise than to enforce the agreement.

It follows that the decree appealed .from must be reversed and one here entered in conformity with this opinion. As we understand this record defendant did not make her tender until after this suit was brought. She should pay the costs of the circuit court and will recover her costs in this court.

MOORE, C. J., and STEERE, BROOKE, STONE, CLARK, and BIRD, JJ., concurred. SHARPE, J., did not sit.