CHARLES WERNER et al., Respondents, *v.* MINNA G. TUCH et al., Appellants.

Where, by the terms of a mortgage, the mortgagee covenants to release a portion of the mortgaged premises upon payment of a specified portion of the sum secured, a tender of the amount specified is not available, in an action to foreclose the mortgage, as a basis for affirmative relief, *i. e.*, the release of the portion specified, unless the tender has been kept good and the money paid into court.

*Kortright* v. *Cady* (21 N. Y. 343), distinguished.

Reported below, 52 Hun, 269.

(Argued April 22, 1891; decided June 2, 1891.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, entered upon an order made February 18, 1889, which affirmed a judgment in favor of plaintiffs entered upon the decision of the court on trial at Special Term.

This was an action to foreclose a mortgage.

The facts, so far as they are material, appear in the opinion.

*Frederick Collin* for appellants.    It was lawful for the defendant Tuch to proffer payments for the purpose of obtaining the release of the two parcels of land from the lien of the mortgage.  (*Wheelock* v. *Tanner*, 39 N. Y. 481; *Irvin* v. *Gregory*, 79 Mass. 215; *Dietrich* v. *Franz*, 47 Mo. 85; Thomas on Mortg. [2d ed.] §§ 396, 397; *Kortright* v. *Cady*, 21 N. Y. 343; *Mitchell* v. *Roberts*, 17 Fed. Rep. 776; *Trimm* v. *Marsh*, 54 N. Y. 599; *Pierce* v. *Kneeland*, 16 Wis. 706; *Lyon* v. *Hersey*, 103 N. Y. 264; *Noonan* v. *Bradley*, 9 Wall. 394; *Jackson* v. *Blodgett*, 16 Johns. 172; *Barney* v. *Newcomb*, 9 Cush. 46; *Deblois* v. *Earle*, 7 R. I. 26; *Pike* v. *Munroe*, 36 Me. 309; *Mills* v. *Catlin*, 22 Vt. 98.)  Under the agreement of the mortgagees the tender of each sum, though conditioned upon the execution of the release of the corresponding parcel, was a complete, valid and effective tender, entitling the mortgagors to the release to the purchaser. A tender may always be restricted by such conditions as are simultaneous or proper to be performed by the party to whom tender was made.  (*Wheelock* v. *Tanner*, 39 N. Y. 481; *Cass* v. *Higenbotam*, 100 id. 248; *Halpin* v. *P. Ins. Co.*, 118 id. 165; *Irvin* v. *Gregory*, 79 Mass. 215; *Wood* v. *Rabe*, 20 J. & S. 479; *Blunt* v. *Tomlin*, 27 Ill. 92; *Smith* v. *Lewis*, 26 Conn. 109; *Johnson* v. *Cranoge*, 45 Mich. 14; *Lynch* v. *Jennings*, 43 Ind. 276; *Washburn* v. *Dewey*, 17 Vt. 92; *Carmen* v. *Paultz*, 21 N. Y. 547; *Wyckoff* v. *Anthony*, 90 id. 442; *Mitchell* v. *V. C. M. Co.*, 67 id. 280; *Warner* v. *Warren*, 46 id. 228.)  Inasmuch as the tenders entitled the defendants to the releases, freeing and discharging the two parcels from the lien of the mortgage, in equity and in this action, such lands were so freed and discharged, and a judgment of foreclosure could not be rendered against them. (*Tiffany* v. *St. John*, 65 N. Y. 314; *Kortright* v. *Cady*, 21 id. 343, 347, 348, 354, 366; *Moore* v. *Norman*, 43 Minn. 428; *Haskins* v. *Kelley*, 1 Abb. Pr. [N. S.] 63, 73, 75; *Mitchell* v. *Roberts*, 17 Fed. Rep. 476; *Wood* v. *Rabe*, 20 J. & S. 479; *McClellan* v. *Coffin*, 93 Ind. 456; *Blunt* v. *Tomlin*, 27 Ill. 92; *Hayes* v. *Josephi*, 26 Cal. 535; *Carruth-*

ers v. *Humphrey*, 12 Mich. 270 ; *Cowles* v. *Marble*, 37 id. 158 ; *Eslow* v. *Mitchell*, 27 id. 500.) It was not necessary in order that the lien of the mortgage should be discharged to keep the tenders good and pay the money into court. (*Tiffany* v. *St. John*, 65 N. Y. 314 ; *Moore* v. *Norman*, 43 Minn. 428 ; *Irvin* v. *Gregory*, 79 Mass. 215 ; *Wood* v. *Rabe*, 19 J. & S. 479 ; *Thompson* v. *Smith*, 63 N. Y. 301 ; *Webster* v. *French*, 11 Ill. 254 ; *Supervisors* v. *Henneberry*, 41 Ill. 179.) As a matter of fact the tender was kept good, and the finding of the court to the contrary is erroneous. (*Curtis* v. *Green-banks*, 24 Vt. 536 ; *Colby* v. *Stevens*, 38 N. H. 191 ; *M. C. R. R. Co.* v. *Dunham*, 30 Mich. 128.)

*A. J. Simpson* for respondents. The alleged tender was wholly insufficient. (*Wood* v. *Hitchcock*, 20 Wend. 48 ; *Roosevelt* v. *B. H. Bank*, 45 Barb. 579 ; *Cashman* v. *Martin*, 50 How. Pr. 337 ; *Tuthill* v. *Morris*, 81 N. Y. 94 ; *Jewett* v. *Earle*, 21 J. & S. 349 ; *Wheeler* v. *Wheeler*, 18 N. Y. S. R. 451 ; *Frost* v. *Y. S. Bank*, 70 N. Y. 553 ; *Day* v. *Strong*, 29 Hun, 505 ; *Breunich* v. *Weselman*, 100 N. Y. 609 ; *Bissell* v. *Heyward*, 96 U. S. 587 ; *Halpin* v. *P. Ins. Co.*, 118 N. Y. 178.) In all cases where a party seeks affirmative relief and asks from a court of equity a substantial decree in his favor, it has been required that the tender be unconditional, that it be for the whole amount of the obligation and that it be kept good. (*Wood* v. *Hitchcock*, 20 Wend. 48 ; *Cashman* v. *Martin*, 50 How. Pr. 337 ; *Tuthill* v. *Morris*, 81 N. Y. 94 ; *Jewett* v. *Earle*, 21 J. & S. 349 ; *Bissell* v. *Heyward*, 96 U. S. 587.) The defendants were in default long before the so-called tender was made and all privileges and options were merged in the action which had been brought and extinguished by the maturity of the entire debt. (*Pierce* v. *Kneeland*, 16 Wis. 706.) The status of the parties was fixed when the suit was commenced and *lis pendens* filed, and no advantage can be gained by the subsequent so-called transfer to the daughter. (Code Civ. Pro. § 1671 ; Story's Eq. Juris. §§ 405, 406.) It is clear that the daughter under the conveyance obtained no greater

rights than her grantors possessed, and the conveyance to her did not in any way enlarge their equities. (Story's Eq. Juris. § 405 ; *Murray* v. *Ballon,* 1 Johns. Ch. 566 ; *Murray* v. *Lylburn,* 2 id. 444.)

VANN, J. The mortgage in question, dated April 9, 1881, was given to the plaintiffs by the defendants Tuch, to secure the payment of the sum of $5,260, being part of the purchase-price of the premises therein described. The principal was payable May 1, 1891, and the interest semi-annually at the rate of five per cent. per annum. There was an interest clause in the usual form, the period of grace being sixty days. The premises embraced three adjoining parcels of land in the city of Elmira, known as the eastern, the central and the western, and also a house and lot in the village of Blossburg, Pennsylvania. The mortgage provided that if the mortgagors should sell either of the parcels, the mortgagees would release to the purchaser the portion so sold free and discharged from the lien of the mortgage, upon receipt of the sum of $2,500 for the release of the Blossburg parcel ; $1,750 for the eastern, and $850 each for the central and western parcels. It was further provided as follows : " The said sums when paid shall be credited on the gross amount due hereunder and shall be in partial liquidation and exoneration hereof, but in no event shall the said mortgagees receive a greater sum than the said principal sum of five thousand two hundred and sixty dollars, with the interest and accretions hereunder. In case the mortgagors shall exercise their privilege, as next hereinafter granted, of paying off any part of the principal at any time other than upon a sale of the premises herein described, then the amount to be paid to secure the release of any of the parcels upon a sale shall abate proportionately. And it is hereby further understood and agreed that the mortgagors have the privilege of paying off any part of the principal sum during the term hereof (provided they shall not be otherwise in default), all payments of principal and interest to be evidenced by indorsements on the bond and not otherwise." The mortgage was

collateral to a bond, which, in addition to the usual stipulations, contained a provision that all the agreements mentioned in the mortgage "in reference to releasing portions of the premises upon a sale of any of the parcels of land therein described, and also in reference to any and all payments to be made on account of the principal or interest of this bond, or otherwise, shall be considered and shall be a part of this bond or obligation as if incorporated therein."

June 11, 1883, the defendants Tuch paid to the plaintiffs the sum of $850, and thereupon the westerly parcel was duly released from the lien of the mortgage. No other part of the principal has been paid and the interest due May 1, 1887, is still unpaid. July 11, 1887, or more than sixty days after said default, this action was commenced to foreclose said mortgage, and a *lis pendens* in the usual form was filed, the plaintiffs having elected to call the whole amount due. The defendants Tuch served an answer, and in November, 1887, an amended answer, and in December following, Theresa L. Hoppe, their daughter, purchased the central and easterly parcels and received separate conveyances of the same, recorded respectively December 3, 1887, and February 18, 1888.

January 3, 1888, Mrs. Hoppe and the defendants Tuch tendered the plaintiffs the sum of $2,600 of principal and $185 for interest and costs and demanded the release of the central and easterly lots. Releases, proper in form, were at the same time presented and a demand made that the plaintiffs execute the same as a condition of receiving the money. Notice was also given of the conveyances to Mrs. Hoppe. The plaintiffs refused to execute the releases, or to receive the money, upon the ground that they were entitled to the whole amount unpaid upon the mortgage. The money tendered was not subsequently kept good, nor paid into court, but the same was used, wholly, or in part, by the person to whom it belonged and by whom the tender was made in behalf of the defendants Tuch and Hoppe.

The cause was tried in February, 1888, and shortly before, a supplemental answer was served in behalf of Mr. and Mrs.

Tuch setting up said tender and demanding " that by the judgment of the court * * * the said two parcels of land for the release of which, or to procure the release of which, the said sums were and still are tendered the said mortgagees, be released from the lien and effect of the said mortgage, and that any judgment of foreclosure which may be rendered, herein be limited to the premises and parcels of land described in said mortgage other than those hereinbefore referred to and described and to procure the release of which from the said mortgagees such tender of said amount and amounts was and were and is made."

The trial court held the tender insufficient and rendered judgment for the plaintiffs. The General Term affirmed upon the grounds that, as the mortgagors were in default, they were not in a situation to enforce a release; that the tender, being conditional, was insufficient, and being made the basis of an affirmative claim, should have been kept good.

Without here considering the other grounds, we base our affirmance of the judgment upon the one last named.

Assuming that the conditional tender, although not sufficient to discharge the mortgage debt, was sufficient to call into action the covenant to release, still we are of the opinion that, under the circumstances, the sum tendered should have been kept good, and brought or paid into court.

The general rule is, as laid down in the noted case of *Kortright* v. *Cady* (21 N. Y. 343), that when the entire sum secured by a mortgage is due, a tender of the amount unpaid, at any time before a sale in foreclosure, extinguishes the lien, and that, as it leaves the debt unaffected, it is not necessary to keep the tender good, or pay the money into court. We do not think, however, that the facts of this case bring it within the general rule. The tender in question was not made under the covenant of the mortgagors to pay the debt, but under the covenant of the mortgagees to release the land, because only the sum required to procure a release of part of the lands was tendered, not the amount required to pay the mortgage. The object was not to discharge an obligation of the defend-

ants, but to compel the performance of a promise by the plaintiffs. This was so stated, in substance, by the agent of the mortgagors when he made the tender, was well understood by all who were present and is conceded by the learned counsel for the defendants in his points. This expressed purpose was followed by a supplemental answer alleging the tender and demanding judgment for the release of the two parcels, "to procure the release of which the said sums were tendered." In other words, the tender was made for the purpose of basing a demand for affirmative relief upon it, and where that is the case, the rule as stated above does not apply, but a different rule, founded on the principle that he who seeks equity must himself do equity, is called into action, and compels the mortgagor to keep the tender good before it will allow him to maintain an action to destroy the lien of the mortgage on account of a tender and refusal. As was said by this court in *Tuthill* v. *Morris* (81 N. Y. 94, 99): "Although the authorities cited sustain the proposition that when a tender has been duly made of the full amount due, it will discharge the lien and be a good defense against its enforcement, without the tender being kept good, yet we are clearly of the opinion that it should be kept good in order to entitle the mortgagor to the affirmative relief which he seeks in this action and which the judgment awards him, viz., the extinguishment of the mortgage."

Where the mortgagors, although defendants, assume the position of plaintiffs and demand in their answer that part of the mortgaged premises be released pursuant to an agreement of the mortgagees contained in the mortgage, no effect will be given to the tender unless the money is brought into court. It would be inequitable to extinguish the security in part, without giving to the holders of the mortgage the benefit of the proportionate payment for which they had contracted. A tender, in order to become the foundation of an action in equity, must be kept good or it will be wholly ineffectual. (*Breunich* v. *Weselman*, 100 N. Y. 609, 610; *Halpin* v. *Phenix Ins. Co.*, 118 id. 165, 178; *Day* v. *Strong*, 29 Hun, 505.)

The position of the defendants that they did not ask for affirmative relief has no foundation in the record. While they did not demand in their supplemental answer that the plaintiffs be compelled to execute a release, they did demand that a release be decreed by the court, as appears from the quotation already made. At the beginning of the trial their counsel announced " that the only defense in this case made by the defendants was under the supplemental answer, and that they withdrew their amended answer and waived all rights thereunder." That statement did not withdraw the counter-claim plainly set forth in the supplemental answer, nor relieve the defendants from the consequences of the position that they deliberately took when they asked for affirmative relief in the last of the three answers served by them, and the one upon which they stood when they went to trial.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed. _____