## CROWE v. BAUMANN.

(District Court, N. D. New York. October 15, 1911.)

1. BANKRUPTCY (§ 139*)—RIGHTS OF TRUSTEE—INTEREST IN LEASE.

A bankrupt's interest in a lease of real property passed to the trustee as of the date of adjudication as provided by Bankruptcy Act July 1, 1898, c. 541, § 70a, 30 Stat. 565 (U. S. Comp. St. 1901, p. 3451).

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 139.*]

2. BANKRUPTCY (§ 302*)—WITHHOLDING REAL ESTATE—ACTION BY TRUSTEE—COMPLAINT.

New York Real Property Law (Consol. Laws 1909, c. 50) § 242, provides that an estate or interest in real property cannot be created, granted, or assigned except by an instrument in writing. Held, that where a complaint by a lessee's trustee in bankruptcy alleged that the bankrupt during the term assigned his lease, which then had several years to run, the bankrupt reserving however the right of occupancy, but that, on bankruptcy intervening, defendant wrongfully took possession and refused to surrender same on being tendered the rent due, for which plaintiff sought to recover detention damages, the complaint was not demurrable for failure to allege that the assignment and reservation were in writing, since, if they were not, they would be void and the bankrupt would be still entitled to possession.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 302.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. BANKRUPTCY (§ 284*)—REAL ESTATE—POSSESSION—RIGHT OF TRUSTEE—TENDER.

Where defendant wrongfully retained possession of certain real estate to which the bankrupt's trustee was entitled on demand, under a reservation in an assignment of a lease to defendant, the bankrupt's trustee was not bound to pay back rent as a condition of demanding and receiving possession, nor was he bound to pay rent except on receiving possession, and hence, having tendered the rent due on demanding possession and being refused, was not bound to keep the tender good or pay the money into court as a condition to his right to maintain a suit for damages for wrongful detention.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 284.*]

Action by George J. H. Crowe, as trustee in bankruptcy of Pappas & Karahall,. against Frederick J. Baumann. On demurrer to complaint. Overruled.

H. J. Hennessey, for plaintiff.
Olmsted & Ashley, for defendant.

RAY, District Judge. On or about January 20, 1910, Pappas & Karahall, as copartners and as individuals, filed their petition in voluntary bankruptcy and were adjudicated bankrupts accordingly. February 3, 1910, the plaintiff, Crowe, was duly appointed trustee of the estates of said bankrupts and duly qualified. January 4, 1906, James P. McNamara leased the store and certain premises at No. 65 Court street, Binghamton, N. Y., to Pappas & Karahall for a term of years ending December 31, 1920. This lease was in writing, and Pappas & Karahall entered into possession under it and remained in actual possession of the premises until January 20, 1910. In the meantime and on the 2d day of July, 1909, Pappas & Karahall, says the complaint, "did sell, assign, and convey to the defendant, Frederick J. Baumann, said lease, reserving however to the said firm of Pappas & Karahall the use and occupancy of the premises covered by said lease for the entire term of said lease, to wit, until December 31, 1920; that, as a part of the transaction of assignment of said lease and of reserving the use and occupancy of said premises, said firm of Pappas & Karahall agreed to pay to the landlord until January 1, 1910, the rent reserved in and by said lease, and that commencing January 1, 1910, and continuing thereafter during the term of said lease, they, the said firm of Pappas & Karahall, would pay to the said Baumann the monthly rent for the said premises covered by the said lease of $225."

The complaint does not allege that this assignment of the lease and agreement was in writing. After the assignment of the lease, Pappas & Karahall continued to occupy the premises until January 20, 1910, on which day they filed said petition in bankruptcy. They also paid the rent to the landlord down to January 1, 1910. The complaint then alleges that on or about January 20, 1910, which is the same day the petition in bankruptcy was filed, "the said defendant herein, without any legal process therefor, did take possession of the said premises covered by said lease and has ever since occupied said

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

premises." The complaint then alleges that the said right reserved by Pappas & Karahall to occupy the said premises was an asset of the bankrupt estate and passed to the trustee and to which he became entitled as of the date of adjudication, and that April 1, 1910, he tendered the rent for the month of January, 1910, $225, and elected to hold and occupy the premises until the expiration of said lease and notified the defendant of such election and demanded possession of the premises, which was refused by the defendant. He also alleges that the value of the use and occupation of such premises is $291.66 per month, or $7,500 down to December 31, 1920; also, that the defendant is indebted to plaintiff by lease of the premises in the sum of $7,500, etc., for which sum he demands judgment.

The defendant demurs to the complaint on the grounds it appears on the face of the complaint that this court has no jurisdiction of the alleged cause of action, and that the facts stated, conceded to be true for the purpose of the demurrer, are insufficient to constitute a cause of action. The defendant contends that the complaint fails to state that the assignment of the lease and reservation of the use and occupation of the premises were in writing, and therefore no valid assignment is shown. But, if no valid assignment to Baumann is shown, the bankrupt firm owned the lease and the right to possession under it on paying the rent to the lessor, McNamara, and Baumann had no right to take possession, and he is an interloper and a trespasser.

If the assignment was in writing and the reservation was a part of this paper, then Baumann had no right to take possession if his rent was paid. There is no direct allegation that he did not have the consent of Pappas & Karahall to take possession, or that he took the possession forcibly or unlawfully. There is no allegation the defendant did have consent to take possession of the premises. The theory of the complaint is that the right to the possession and use of these premises belonged to Pappas & Karahall, the bankrupt firm, and passed to and vested in the trustee in bankruptcy and is being unlawfully and wrongfully withheld by defendant and that he is liable for the value thereof.

[1] By section 70a of the bankruptcy act the trustee became vested with whatever right under this lease and agreement Pappas & Karahall had on the day of the adjudication. By section 18g adjudication in cases of voluntary bankruptcy is to be concurrent with the filing of the petition and must operate as of that day. Hence if the petition was filed January 20, 1910, the adjudication must in legal effect date the same day, and the title of the trustee relates back to that day. The defendant says it does not appear that the petition was filed on that day before the defendant took possession, and hence possession is not in legal effect shown to have been taken from the trustee, and that the defendant is in the position of an adverse claimant, and this court has no jurisdiction. The plaintiff says it does not appear that the plaintiff is an adverse claimant of title, and if he is he must make the claim by answer, and that in any event this court may determine whether or not defendant occupies that position; also, that the law knows no parts of days, and that it is immaterial whether the

defendant unlawfully went into the possession of these premises on the day the petition was filed two hours prior or two hours subsequent to the filing of the petition. The contention is that if a person, A., owns a horse and files a petition in voluntary bankruptcy, and on the same day B., without authority of law, takes possession of the horse, the title of the trustee relates back to and includes that day, and the taking of the horse by B. is to be regarded as a taking from the trustee. The defendant also says that in order to recover for the use, etc., of. such premises, the plaintiff must have tendered to the defendant the rent and must have kept his tender good and must have paid same into court, and that a mere allegation of tender is not sufficient; also, that there must have been a tender of rent down to the time the action was commenced, notwithstanding the fact that the defendant has had the possession, use, and occupation from and since January 20, 1910.

The idea sought to be conveyed by the complaint is that the defendant took possession of this property without a consideration, and not by virtue of any arrangement with the bankrupt, and not before but after the petition was filed and the adjudication in contemplation of law made, and that he took such possession from the trustee. This is the theory of the complaint.

The question may be involved whether a person holding a lease for a term of years can assign same in writing and reserve the possession, use, and occupation for the entire term by mere parol agreement. The question may be in the case, but is not presented by this complaint. The allegation is that the lease was assigned, and that, as a part of the same agreement, the use, etc., of the premises, on payment of certain rents, was reserved to the assignor.

If the allegation of assignment is sufficient, then the allegation as to the reservation is sufficient. If the assignment of a lease must be in writing, and a reservation to the assignor of use and occupation under it for a larger period than one year must be in writing, and the allegation of the complaint averring such assignment must state that the assignment was in writing, then this complaint is insufficient to show any assignment, and the lease, and consequently the right to the use, etc., of the premises, passed to the trustee.

[2] By section 242 of real property law (section 242, c. 52, Laws N. Y. 1909; 4 Consol. Laws, p. 3417) it is provided that:

"An estate or interest in real property, other than a lease for a term not exceeding one year, or any trust or power over or concerning real property or in any manner relating thereto, cannot be created, granted, assigned, surrendered or declared, unless by act or operation of law, or by a deed or conveyance in writing subscribed by the person creating, granting, assigning, surrendering or declaring the same, or by his lawful agent thereunto authorized by writing."

As the complaint alleges that the real property was leased in writing to the bankrupt for a term of years, if we construe the complaint as insufficient to allege a valid assignment of the lease to the defendant, we must construe it as insufficient to allege any transfer of any interest in the property to him, and the result is that the complaint alleges that on the day the petition in bankruptcy was filed the bank-

rupt owned, by virtue of the lease, the right to the use and occupation of these premises for the term of years mentioned, and the complaint is good so far as that aspect of the case is concerned. And, if we construe the complaint as sufficient to allege a valid transfer of the lease to the defendant, then it is sufficient to allege a valid reservation of the use, etc., in the bankrupt on compliance with the terms of the reservation.

We then come to the question whether the trustee was liable for the whole rent; that is, rent after the defendant took possession. I hold that it was not necessary under the facts alleged for the trustee to tender rent for any time subsequent to the month of January, 1910, if at all. The defendant could not take possession without the consent of the trustee, hold possession, and ask or collect rent for the time he held such possession. He has never offered or expressed a willingness to surrender on any terms whatever. The trustee sues for the value of what the defendant wrongfully took, withheld, and still retains from him.

Is the allegation of tender sufficient? There is no allegation the tender has been kept good or paid into court. The rent for January was offered, tendered, and rejected. It was a debt owing by the bankrupt to the defendant, assuming there had been a valid assignment of the lease to him.

[3] The trustee was entitled to the possession of these premises and was liable for the rent if he had and retained possession, but under the allegations of the complaint was under no obligation to pay any back rent as a condition of demanding and receiving possession. On receiving possession the trustee was bound to pay, but he was not bound to pay as a condition of receiving the possession. When a person is bound to pay only on receiving a conveyance, and he tenders payment and demands his conveyance, and the conveyance is refused, he need not pay into court to keep his tender good and stop the running of interest. Wood v. Rabe, 52 N. Y. Super. Ct. 479; Baylies, Code Pleading, 249. A tender may be made for the purpose of extinguishing the lien of a mortgage. An offer to pay the amount due on a mortgage either at the law day or at any time thereafter before foreclosure will extinguish the security, even though the tender is not kept good and the money is not brought into court. And a tender of the amount due on a mortgage before suit extinguishes the equitable cause of action of the mortgagee and leaves him only a remedy at law upon the bond or covenant to pay. The same principle applies as to the tender to a sheriff of the full amount due on an execution. In these and in all similar cases where the effect of a tender is to destroy the lien it is not necessary to keep the tender good or to pay the money into court. Tiffany v. St. John, 65 N. Y. 314, 22 Am. Rep. 612; Cass v. Higenbotham, 100 N. Y. 248, 3 N. E. 189; Kortright v. Cady, 21 N. Y. 343. 78 Am. Dec. 145; Frost v. Yonkers Savings Bank, 70 N. Y. 553, 558, 26 Am. Rep. 627; Breunich v. Weschman, 100 N. Y. 609, 2 N. E. 385; Halpin v. Phenix Ins. Co., 118 N. Y. 165, 175–178, 23 N. E. 482; Werner et al. v. Tuch, 127 N. Y. 217, 222, 27 N. E. 845, 24 Am. St. Rep. 443.

Here, under the allegations of the complaint, the defendant wrongfully took possession of premises, the possession of which by operation of law then belonged to and was in the trustee in bankruptcy, an officer of this court or of the bankruptcy court. The only excuse of the defendant for such act was that the bankrupt owed him the rent for the month of January, 1910. This the trustee tendered, and this the defendant refused. The rental value of the premises was and is much more than the bankrupt was to pay. The plaintiff, an officer of the court deprived of the possession of the premises by the unlawful act of the defendant, was under no legal obligation to do anything except take steps to regain such possession or sue for the damages sustained. He evidenced his good faith and purpose to assume the obligation of the bankrupt by offering to pay all the back rent.

It must be understood that I am now assuming the allegations of the complaint to be true, and that either there never was a valid transfer of the lease to the defendant—that is, a written one—or that there was one and a reservation as stated in the complaint made in writing as a part of such assignment, a limitation thereon. If it turns out on the trial that there was an assignment of the lease in writing and no written reservation in the assignment or by a paper outside, as now advised I do not see how the plaintiff can recover. If the entire term was assigned or conveyed to the defendant, how could he by a mere verbal agreement convey back to the bankrupt an interest in the premises, the right to the use and occupation thereof, for more than one year? This is not an action to set aside what was done by way of assigning the lease as a fraud on creditors. It is well to say, in answer to certain suggestions made by the defendant in his reply brief to the effect that there can be no vesting of title to property in the trustee, except as of the day of adjudication, that this is true, but there may be a wide difference between voluntary and involuntary cases. In voluntary cases adjudication is based on and contemporaneous with the filing of a valid petition, while in involuntary cases there can be no adjudication until default in answer or the determination of the issues if any are framed. In voluntary cases the judge must make the adjudication on the filing of the petition, and hence in voluntary cases the title of the trustee always relates back to that day. If there is any question whether the assignment of the lease was in writing and whether the reservation referred to was in writing, the defendant can have the complaint made more specific in these respects. There is no necessity for the delay and expense of a trial if the whole matter can be disposed of on a demurrer to the complaint made more specific.

Demurrer overruled, with leave to answer in 20 days or to move for more specific allegations in the complaint.