FULTON v. JONES et al.  (No. 7122.)

(Supreme Court, Appellate Division, First Department. May 7, 1915.)

MORTGAGES ⬸310—PAYMENT—PARTIAL RELEASE.

   A mortgage covering two parcels of land provided that the mortgagor should have the privilege of paying one-half of the principal on 30 days' notice, upon which payment the mortgagee was to release one of the parcels, to be designated by the mortgagor, from the lien of the mortgage. After default in the principal, notice was given to the mortgagee of intent to pay one-half the price, and to demand the release of one parcel. A formal tender of the money was made, but was refused. *Held*, that the privilege of obtaining a release was lost by failing to demand it before default.

   [Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 901, 906; Dec. Dig. ⬸310.]

   McLaughlin and Scott, JJ., dissenting.

Appeal from Trial Term, New York County.

Action by Anna J. Fulton against Anna E. Jones and others, for foreclosure of a mortgage. From a judgment for defendants, plaintiff appeals. Reversed in part, and judgment directed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Gilbert W. Minor, of New York City, for appellant.
James T. Bunt, of New York City, for respondent.

LAUGHLIN, J.  This is an action to foreclose a mortgage executed by the defendant Jones on the 6th day of December, 1911, on two parcels of real estate in the then borough, now county, of the Bronx, in the city of New York, to secure the payment of $1,100 on the 6th day of December, 1913, together with interest thereon, according to the tenor of a bond executed by her to the mortgagee bearing even date therewith. The bond and mortgage were duly assigned to the plaintiff on the 25th day of March, 1913. Default was made in the payment of the principal, and of six months' interest due with the principal, on the 6th day of December, 1913; and on the 20th day of January, 1914, this action for the foreclosure of the mortgage was commenced.

The bond provided that the principal should become due at the option of the obligee after default in the payment of interest for 20 days, or default in the payment of any taxes, assessments, or water rates for 60 days; and it is expressly stated in the mortgage that the whole of the principal should become due after default in the payment of interest, taxes, or assessments, or after any other default, "anything herein contained to the contrary notwithstanding." The bond and mortgage each contain a provision giving the mortgagor the privilege of paying the sum of $550, with accrued interest, on account of the principal "on thirty days' notice in writing" to the mortgagee or his assigns, and further provide that "on the receipt of such payment" the mortgagee, or his assigns or personal representatives, "agrees to release one of the

parcels herein described from the lien of this mortgage," the parcel to be so released to be designated by the mortgagor.

It is alleged in the complaint, and admitted by the answer, that on the 13th day of July, 1912, the mortgagor duly conveyed one of the parcels; but it was not shown to whom she conveyed it. It was shown, however, that the defendant Bunt was the owner of one of the parcels at the time of the trial; but it was not shown when she obtained title, excepting as it may be inferred from testimony, the substance of which I will now state. On the 28th day of January, 1914, after the commencement of this action, a notice in writing in the name of the mortgagor, prepared by the attorney for defendant Bunt, who was also her husband, was mailed to the plaintiff in care of her attorney, stating that on the 28th day of February, 1914, at the office of the attorney for the plaintiff, the mortgagor would pay the sum of $550 and accrued interest thereon, or at the residence of the plaintiff as given in the assignment to her, if so desired and two days' notice thereof should be given, and that upon such payment the mortgagor would demand a release of the parcel which it was shown was owned by defendant Bunt at the time of the trial.

The attorney for defendant Bunt testified that shortly before the mortgage became due, and on or about December 1, 1913, he had a casual interview with the attorney for the plaintiff, in which he informed the latter that he intended to pay his wife's one-half of the mortgage, and that he had negotiations pending for raising the money by a mortgage on a parcel owned by himself and the parcel owned by his wife, and that he promised to let the attorney for the plaintiff hear from him further; that on or about the 10th day of December he met the plaintiff's attorney again, and the latter inquired what progress he was making in obtaining the money, and he stated that a definite date for the loan had not yet been agreed upon; that in answer to a like inquiry by the attorney for the plaintiff on or about the 28th day of December he stated that he had been delayed by the commencement of a foreclosure action which he thought was by mistake extended to one of the parcels on which he expected to raise the money, and that as soon as he heard from a letter which he had written he would be ready "to close the matter up," to which the attorney for the plaintiff replied, "All right; I will expect to hear from you;" and that in the first or second week of January, 1914, he met the attorney for the plaintiff, who inquired what progress he was making, and he said that he expected that he would be able in about a week's time to dispose of "the whole matter," and that there were no further negotiations until after the commencement of this action, when he met the attorney for the plaintiff and said that he thought the latter was going to wait until he "got the matter disposed of," and the plaintiff's attorney replied, "Why, I thought you had abandoned it."

The attorney for the plaintiff testified that he and the attorney for defendant Bunt had had a misunderstanding with respect to a prior action and were not on good terms, and that the only conversation he had with the latter with respect to the matter involved in this action prior to the commencement thereof was between the holidays, at which

time the attorney for defendant Bunt, in answer to an inquiry as to what he was going to do about paying the mortgage, stated that he was making an arrangement to get a new mortgage, but had been delayed by a foreclosure action, and that after the commencement of this action, and on the 26th day of January, the attorney for defendant Bunt called on him and asked "whether he could get a release on payment of one-half the amount," and was informed that he could not.

On this testimony, the trial court found that the strict due date of the bond and mortgage were extended "to the date of closing of the new second mortgage loan, arrangements for which were then being perfected, or a fair and reasonable time to perfect the same thereafter," and found as conclusions of law that the plaintiff, "by acquiescing in the arrangement" of the defendant Bunt "regarding the perfecting of a new second mortgage, waived the strict due date" of the bond and mortgage "and consented to extend said strict due date to a fair and reasonable time thereafter," and that the defendant Bunt was not in default, and the bond and mortgage were not due, and the plaintiff was not entitled to institute the foreclosure action until notice to the defendant Bunt, who had "a right to rely on plaintiff's promise to wait accordingly." This finding of fact and these conclusions of law are wholly unwarranted. There was no consideration or agreement for any extension, and no evidence of waiver or estoppel.

The only real question in the case is whether the mortgagor, or her grantee, had the right to exercise the privilege of tendering one-half the amount of the indebtedness secured by the mortgage, and obtaining a release of one of the parcels to be then designated, after the principal became due. The evidence does not satisfactorily show a tender of one-half the amount due on the mortgage at the time and place specified in the notice; but it fairly shows that a formal tender was waived by the refusal of the attorney for the plaintiff to accept it, and the defendant Bunt pleads the tender, and paid the money into court on the trial. The trial court did not consider that the payment of the money into court was unconditional, for the decree provides that the plaintiff shall not be entitled to receive it until she executes a release of the parcel. It does not appear that the respondent Bunt is liable for any part of the debt, and therefore the moneys so paid into court should be returned to her, at her option, if she is not to receive the release.

Assuming that there was a sufficient tender, and that it was kept good, I am of opinion that the privilege of obtaining a release was lost by the failure to duly demand it before default in payment of the principal. The question depends upon the intention of the parties, and that is to be determined from the provisions of the mortgage with respect to the release. It is manifest, I think, particularly in view of the provision with respect to the 30 days' notice, that the privilege was only to be exercised by the service of the notice and tender of the money in advance of the time the principal became due, for otherwise by the service of the notice the period of payment could be postponed beyond the due date unqualifiedly fixed by the mortgage, and this is emphasized by the provision to the effect that the whole of the

principal shall become due after any default, "anything herein contained to the contrary notwithstanding."

It was held in Werner v. Tuch, 52 Hun, 269, 5 N. Y. Supp. 219, that the privilege of obtaining a release of part of the mortgaged premises, under a release clause not materially different from the one now under consideration, could be exercised only before default. In that case the clause contained a provision to the effect that the mortgagor should have the privilege of making a payment on account of principal before the same became due, and in that event, for the purpose of subsequently exercising the privilege of obtaining a release, the payment on account of principal should be apportioned on the sums necessary to be paid to enable the mortgagor to obtain releases on the respective parcels. The decision in that case was also based on the fact that the tender had not been kept good; and the Court of Appeals affirmed on that ground, without considering the question as to whether the privilege of obtaining a release could be exercised after default. Werner v. Tuch, 127 N. Y. 217, 27 N. E. 845, 24 Am. St. Rep. 443. That is the only decision on the point in this jurisdiction to which our attention has been called, and it is the only one we have found.

The decisions in other jurisdictions appear to be conflicting. It has been held in Massachusetts that ordinarily the privilege must be exercised before default. Reed v. Jones, 133 Mass. 116. But in New Jersey, Minnesota, Michigan, and Iowa it has been held that, where there is no express limitation with respect to the time within which the privilege may be exercised, it may be exercised at any time before the rights of the mortgagor are actually foreclosed. American Net & Twine Co. v. Githens, 57 N. J. Eq. 539, 41 Atl. 405; Vawter v. Crafts, 41 Minn. 14, 42 N. W. 483; Commercial Bank v. Hiller, 106 Mich. 118, 63 N. W. 1012; Gammel v. Goode, 103 Iowa, 301, 72 N. W. 531. As already observed, however, the question depends upon the construction of the release clause in each particular case.

I am of opinion that finding of fact numbered XXI should be reversed, and the exception in conclusion of law numbered third, and conclusion of law numbered fourth, in so far as it excepts defendant Bunt, and all of the conclusions of law numbered sixth, ninth, tenth, eleventh, and twelfth, and the direction for judgment in favor of defendant Bunt, and the provisions with respect to the giving of a release by plaintiff, and to the effect that the receiver be discharged, should be reversed, and appropriate additional findings and additional conclusions of law should be made to the effect that there was no extension of the time of payment, or waiver, or estoppel, and requiring a sale of the premises in the inverse order of alienation, and, if the respondent Bunt consents thereto, the application of the money paid into court on the amount of the judgment remaining after a sale of the parcel still owned by the mortgagor, and before a sale of the remaining parcel, which in that event shall only be had to pay any deficiency then remaining, and if in that event the entire amount so paid into court shall not be required to pay the balance of the judgment remaining after the sale of the first parcel, the surplus shall be paid to the respondent Bunt, and that the entire amount paid into court by the respondent

Bunt shall be repaid to her if she does not so consent to its application, and that the judgment, in so far as it is adverse to the plaintiff, should be reversed, with costs to appellant, and judgment of foreclosure awarded as to both parcels, as herein directed.

INGRAHAM, P. J., and CLARKE, J., concur.

McLAUGHLIN, J. (dissenting). I am unable to concur in the opinion of Mr. Justice LAUGHLIN. The respondent is the owner of a lot of land in the city of New York. At the time she acquired title there was a mortgage upon it and an adjoining lot for $1,100. This mortgage and the bond accompanying the same, at the time of the commencement of the action and for some time prior thereto, were held by the plaintiff. The mortgage contained a provision that:

"The party of the first part may have the privilege of paying the sum of five hundred and fifty dollars ($550) with accrued interest on account of said principal sum on thirty days' notice in writing to the party of the second part, or his assigns, and on the receipt of such payment the said party of the second part, or his assigns or personal representatives, agrees to release one of the parcels herein described from the lien of this mortgage, designated by the party of the first part."

There was also a similar provision in the bond. Default having been made in payment of the principal sum and interest thereon, this action was commenced to foreclose. For some little time immediately prior thereto negotiations were carried on between the respondent's husband and plaintiff's agent, having for their object the payment of one-half of the amount due under the mortgage and the release from the same of the lot owned by the respondent. These negotiations, however, were ineffective, and the action was commenced. Thereupon the respondent, having given 30 days' previous notice that such tender would be made, tendered to the holder of the mortgage one-half of the amount due thereon, including interest and costs of the action to date, and demanded in return a release of her lot. The demand was refused. The tender was kept good, and at the trial the identical money tendered paid into court.

The question presented is whether, a default having occurred in the payment of the principal sum secured, the respondent, on tendering one-half of the amount due, with interest and costs, was entitled to have her lot released from the mortgage and the action discontinued as to her. I am of the opinion, upon principle and authority, the question suggested should be answered in the affirmative. When the respondent became the owner of one of the lots covered by the mortgage, the provision in it above quoted inured to her benefit. It was not a personal covenant, but instead one which ran with the land. 20 Am. & Eng. Enc. of Law, 1070, and authorities cited; Vawter v. Crafts, 41 Minn. 14, 42 N. W. 483. She was therefore in a position to take advantage of its provisions, provided the same had not been forfeited by the default in payment of the principal sum.

It is contended, however, that the agreement to give a release is conditioned upon performance by the mortgagor of all the covenants and conditions contained in the mortgage, and that, as a default had oc-

curred, a right to have a release given did not exist. The provision quoted does not expressly so provide. The covenant is unconditional. It is unlimited as to time. The provision of the mortgage upon which stress is laid in the prevailing opinion as to foreclosure and sale in case of default in no way, as it seems to me, destroys or modifies the provision giving the right of release. If the mortgagee is paid the proportionate amount due under the mortgage, and reimbursed for her expense in commencing the action, I am unable to see how injustice has been done her. Her remaining security is just as good as it would have been, had the release been demanded before default and before the action was commenced. To hold otherwise might do a purchaser from the mortgagor of a portion of the premises covered by the mortgage a great injustice, since he could only protect his interest in the land by paying the whole sum secured by the mortgage.

I think the covenant quoted should be construed in connection with the other provisions of the mortgage and in the light of the manifest purpose which it was designed to accomplish. If that be done, then I think the right to a release continues until a judgment of foreclosure has been entered. American Net & Twine Co. v. Githens, 57 N. J. Eq. 539, 41 Atl. 405; Vawter v. Crafts, supra; Commercial Bank v. Miller, 106 Mich. 118, 63 N. W. 1012; Gammel v. Goode, 103 Iowa, 301, 72 N. W. 531; Clark v. Fontain, 144 Mass. 287, 10 N. E. 831.

Nor do I think that Werner v. Tuch, 52 Hun, 269, 5 N. Y. Supp. 219, is an authority to the contrary. Martin, J., who delivered the opinion, said:

"The provision giving the mortgagors the right to a release of a part of the mortgaged premises, when read in connection with the provisions of the bond and mortgage, shows quite clearly that it was the intent of the parties that the mortgagors should have such right only so long as they should not be in default in complying with the provisions of the contract to be kept and performed by them."

Besides, there the amount tendered was not kept good. The Court of Appeals, in affirming the judgment, put its decision expressly upon that ground. 127 N. Y. 217, 27 N. E. 845, 24 Am. St. Rep. 443. Here the tender was kept good, and the money tendered actually paid into court.

The judgment appealed from awards the respondent costs, and in this respect I think it is erroneous. The respondent, at the time the action was commenced, had not paid the amount required to release her lot from the effect of the mortgage. The action, therefore, was properly commenced as to her, and before she could get a release she was bound to pay the amount required therefor, together with the costs of the action to that time.

The judgment appealed from, therefore, should be modified, by striking therefrom the provision awarding the respondent costs, and directing the chamberlain to pay to the plaintiff, upon receipt of a duly executed release of the mortgage covering the respondent's lot, the amount paid into court by the respondent, and, as thus modified, affirmed, without costs to either party.

SCOTT, J., concurs.