SOL ROSENBERG and Another, Appellants, *v.* GENERAL REALTY SERVICE, INC., and Others, Defendants, Impleaded with UNION TRUST COMPANY OF ROCHESTER, Respondent.

Fourth Department, January 7, 1931.

David A. Cohen, for the appellants.

Sutherland & Dwyer [Arthur E. Sutherland, Jr., of counsel], for the respondent.

PER CURIAM. Plaintiffs, mortgagees, after a default in a semi-annual payment of interest by the mortgagor, seek to foreclose a mortgage which contained the following clause: "The said mortgagees, their heirs, executors, administrators or assigns shall release from the lien of this mortgage, any lot on payment of the sum of $450.00." The mortgage originally covered one hundred and forty-five lots. Prior to default twenty-two lots had been released and the proceeds applied upon the mortgage debt. Of the remaining lots the mortgagor had prior to default deeded five to purchasers, taking back in the case of each lot two mortgages, (1) a building loan mortgage and (2) a subordinate mortgage covering the remaining equity. The mortgagor financed the building of houses on those lots for the purchasers by borrowing from the defendant Union Trust Company on pledge of the building loan mortgages. The mortgagor subsequently regained title to three of the five lots by foreclosing the subordinate mortgages. None of the five lots had been released from the lien of plaintiffs' mortgage. Immediately after the commencement of this action the trust company tendered to plaintiffs a sum equal to $450 on each lot together with the accrued costs of the action. The tender was refused. It has been kept good. Thereupon the trust company interposed an answer setting up the foregoing and many other facts and prayed that the complaint be dismissed as to the five lots and that plaintiffs be directed to execute and deliver proper releases thereof. A motion to strike out the answer as insufficient was denied. The appeal is from that order.

Two questions arise: First, whether the release clause inured to the benefit of the trust company or was merely a personal privilege in the mortgagor; second, whether, in case it did inure, the trust

company could take advantage of it after default in the payment of stipulated interest by the mortgagor.

On the first question we agree with the view of McLAUGHLIN, J., in his dissenting opinion in *Fulton* v. *Jones* (167 App. Div. 765, 772). We think the release privilege inured to the purchasers of lots and to those standing in the shoes of such purchasers.

The cases in this and other jurisdictions which have dealt with the problem involved in the second question are in conflict. *Fulton* v. *Jones* (*supra*) and *Werner* v. *Tuch* (52 Hun, 269; affd., 127 N. Y. 217) seem to be the only decisions in this State. Neither is decisive authority here. A careful review of all the cases cited in the briefs — and we have found no others — leads us to think that the applicable law is substantially this: Whether the release privilege survives default depends, in the absence of equitable considerations, upon the intention of the parties, to be drawn from the language of the covenant read in the light of the other provisions of the contract and of surrounding circumstances at the time of execution. But, depending upon the facts of the particular case, the decision indicated by the legal contract so determined may be varied by a consideration of what now seems fair and just in the light of subsequent events. It is no unusual thing for equity to refuse recognition to express contractual provisions relating to security for loans where their enforcement would not be consonant with justice. (For many illustrations see CARDOZO, Ch. J., in his dissenting opinion in *Graf* v. *Hope Building Corp.*, 254 N. Y. 1, 8, 9; 22 Columbia Law Rev. 266.)

The facts before us here are confined to those stated in the pleadings. Since the mortgage and the accompanying bond are not set out in full we have no means of ascertaining the intention of the parties in the light of other possible provisions of the contract. We will assume, however, without deciding, that the release clause, although unlimited as to time on its face, was in fact limited to the period before default. Nevertheless, we think enough facts are disclosed to warrant some measure of equitable relief. The answer is, therefore, sufficient and the order should be affirmed. But this disposition is not to be taken as necessarily conclusive of the same questions as they may arise on the full evidence following trial.

The order should be affirmed, with ten dollars costs and disbursements.

All concur, except CROSBY, J., who dissents and votes for reversal on the law. Present — SEARS, P. J., CROUCH, TAYLOR, EDGCOMB and CROSBY, JJ.

Order affirmed, with ten dollars costs and disbursements.