Alfred Wildermuth, Plaintiff, *v.* Albodan Realty Corporation and Others, Defendants.

Supreme Court, Erie County, April 22, 1931.

*Albert W. Plumley,* for the plaintiff.

*George W. Walters* [*Raymond C. Voght* of counsel], for the defendant The Amherst Bank.

Harris, J. This action was brought to foreclose a real property mortgage, and all of the defendants are in default for want of pleading except the defendant Amherst Bank.

The issue is solely as to the claim of the plaintiff that he should be permitted to pay to the defendant Amherst Bank the sum of $200 and to have in return from the bank a release to the plaintiff of the real property in question, from a mortgage held by the defendant Amherst Bank, and covering such property and other premises. The stipulation of facts on which the issue is to be decided are briefly as follows:

On July 23, 1924, the defendant, Albodan Realty Corporation took title from one Jacob Diehl and his wife to a certain tract of land (including among other premises subdivision lot 59, which is the subject of this action) and gave back to the grantor a purchase-money mortgage, which mortgage contained a covenant to release any subdivision lot of such tract upon the payment of a certain sum.

Under date of August 19, 1925, the defendant Amherst Bank loaned to the defendant Albodan Realty Corporation the sum of $12,000, which loan was payable within one year from the date thereof and was secured by a mortgage on seventy-five lots in the tract above described as conveyed to the Albodan Realty Corporation, and including subdivision lot 59, the subject of this suit. In such mortgage, the defendant Amherst Bank covenanted as follows: " The mortgagee hereby covenants with said mortgagor to release any portion or subdivision lots herein described from the lien of said mortgage upon payment to it of the sum of Two hundred dollars a lot, according to a certain bond or obligation bearing even date herewith."

Subsequent to the loan by the Amherst Bank, the plaintiff loaned to the defendant Albodan Realty Corporation the sum of $1,000 and received as security for such loan a mortgage on the premises, subdivision lot 59.

At the time the said Albodan Realty Corporation secured the loan of $1,000 from the plaintiff, the said realty corporation submitted to the plaintiff an abstract of title of lot 59, dated July 27, 1928. Such abstract was brought down to the date of the closing of such loan and showed thereon the above-mentioned Diehl mortgage, but did not show the mortgage held by the defendant Amherst Bank. Relying on the contents of such abstract, the plaintiff paid the sum of $200 to the owners of the Diehl mortgage and secured a release of subdivision lot 59 from the Diehl mortgage, paid all taxes and paid over to the defendant Albodan Realty Corporation the remainder of the loaned money. The existence of the mortgage to the Amherst Bank did not come to the knowledge of the plaintiff until March, 1930.

On May 1, 1928, the Amherst Bank did release from the lien of its mortgage a subdivision lot known as No. 54 for the sum of $200. On discovery by the plaintiff of the existence of the Amherst Bank mortgage, the plaintiff tendered to said bank the sum of $200 and asked for a release of said lot 59 from the lien of the bank mortgage. The defendant the Amherst Bank refused to accept said sum of $200 and to execute such release, on the ground that it was not required to release said lot because the Amherst Bank mortgage was, at the time of such demand, past due. Although the due date of such Amherst Bank mortgage had passed, no action has ever been brought to demand the amount due or to foreclose the Amherst Bank mortgage or to sue on the bond given therewith. The tender by the plaintiff to the Amherst Bank has been kept good and the plaintiff has paid all taxes assessed against such subdivision lot 59. At the time of such tender there was owing

on the Amherst Bank mortgage $12,000 of principal and interest amounting to $1,652.75. Subdivision lot 59 has been reasonably valued at upwards of $1,500.

The cases in this jurisdiction which have dealt with the problem involved in this action have, until recent date, been in conflict. (*Fulton* v. *Jones*, 167 App. Div. 765; *Werner* v. *Tuch*, 52 Hun, 269; affd., 127 N. Y. 217.)

Very recently the learned Appellate Division of the Fourth Department has held that whether the release privilege under any mortgage survives default depends, in the absence of equitable considerations, upon the intention of the parties to the mortgage. (*Rosenberg* v. *General Realty Service, Inc.*, 231 App. Div. 259.)

Applying this rule to the facts of this lawsuit, we have here a mortgage which provides for a release privilege without any limitations on the exercise of such privilege, the coming due of such mortgage, the failure to take any action to foreclose the mortgage or to sue on the indebtedness and the positive fact that after the coming due of such mortgage, the holders of the mortgage, in a similar case, released a subdivision lot on the payment of a stipulated sum. Such language and such after action clearly indicated that the mortgagee, the defendant Amherst Bank, intended that the privilege of release of subdivision lots could be claimed at any time, even though the principal sum of the mortgage was past due.

The equities involved in this action are strongly in favor of the plaintiff, his claim for the benefit of equity being sustained by the fact that the knowledge of the existence of the Amherst Bank mortgage was, through no fault of his own, kept from him, by his release of the lot from the Diehl mortgage and its subsequent enhancement in value and his payment of all taxes upon the property. There can be no question that if the original owner of the lot who gave the mortgage to the Amherst Bank was entitled to secure a release on the payment of a stipulated sum, then such right inured to the benefit of the plaintiff, mortgagee of subdivision lot 59, who stands, for this purpose, in the shoes of the mortgagor to the bank. (*Rosenberg* v. *General Realty Service, Inc.*, *supra.*)

Therefore, the plaintiff is entitled to judgment requiring the defendant Amherst Bank to accept the sum of $200, and in return thereto to release to the plaintiff from the effect of the Amherst Bank mortgage such subdivision lot 59, and in view of the fact that the $1,000 mortgage is overdue and not paid, he is also entitled to judgment of foreclosure of such mortgage and of sale of the property covered by the mortgage.

A decision in accordance with the above may be submitted to me for signature.