HERRICK PARK DEVELOPMENT CORPORATION, Plaintiff, *v.* SHOLOM REALTY COMPANY, Defendant.

Supreme Court, Rockland County, June 30, 1937.

*Finkelstein & Finkelstein,* for the plaintiff.

*Nathan Friedman* [*Irving J. Marx* and *Leslie Handler* of counsel], for the defendant.

PATTERSON, J. Motion for an order striking out certain defenses as insufficient in law, under rule 109 of the Rules of Civil Practice, and for summary judgment under rule 113.

Plaintiff is the owner of a parcel of land, subject to a mortgage which provides that such portions of the land as the plaintiff may sell from time to time will be released from the lien of the mortgage on payment to the mortgagee of not less than eighty per cent of the sale price of the portion being sold.

The complaint alleges that the plaintiff contracted to sell a portion of the land covered by the mortgage and tendered the mortgagee a sum in accordance with the release clause of the mortgage, but that the defendant-mortgagee refused to execute and deliver the release requested. The plaintiff then instituted this action in equity to compel the defendant-mortgagee to execute and deliver a release of that portion of the property which the plaintiff has contracted to sell.

The answer, after denying various allegations of the complaint, sets up four separate and distinct affirmative defenses, the substance of which is as follows:

1. That the plaintiff has failed to fulfill the terms and conditions of the said mortgage on its part to be performed by failing to pay various installments of principal under said mortgage as they became due and by failing to pay the entire balance of the principal of said mortgage when it became due on May 1, 1934.

Plaintiff contends that the emergency legislation contained in section 1077-a *et seq.* of the Civil Practice Act cured any default on the part of the plaintiff in failing to make payments on account of the principal of the mortgage, and that, therefore, the defendant cannot assert such default as a defense to the equitable relief sought by the plaintiff. The emergency legislation, referred to, suspended actions to foreclose mortgages for non-payment of principal. The present action is not one to foreclose a mortgage, and the said emergency legislation is not applicable. The motion to strike out this defense is denied.

2. The second affirmative defense is, in substance, that the release clause was limited to the period before default in the mortgage.

In the absence of any express limitation, the question as to whether or not a release clause survives a default in the mortgage depends upon the construction of the release clause in each particu-

lar case. The rule was stated in *Rosenberg* v. *General Realty Service, Inc.* (231 App. Div. 259, 261), as follows: " Whether the release privilege survives default depends, in the absence of equitable considerations, upon the intention of the parties, to be drawn from the language of the covenant read in the light of the other provisions of the contract *and of surrounding circumstances at the time of execution. But, depending upon the facts of the particular case, the decision* indicated by the legal contract so determined may be varied by a consideration of what now seems fair and just *in the light of subsequent events."*

I, therefore, hold that the above affirmative defense raises a substantial issue of the construction of a covenant which can best be disposed of after an inquiry into the facts surrounding the execution of the mortgage and subsequent dealing of the parties with respect thereto.

The motion to strike out this defense is denied.

3. The third affirmative defense consists of the bare allegation that " plaintiff has an adequate remedy at law."

This is insufficient as a separate defense. " A mere allegation of defendant's legal conclusion that plaintiff has an adequate remedy at law does not constitute a defense unless there is added an allegation of ultimate fact showing adequacy of the remedy at law." (*Levan* v. *American Safety Table Co., Inc.,* 222 App. Div. 110, 114.)

The motion to strike out this defense is granted.

4. The fourth separate defense is so indefinite and uncertain as to be insufficient. By reference to the affidavits submitted, the court can see what the defendant probably intended to allege, but affidavits are not properly before the court on a motion to strike out a defense under rule 109, and will be disregarded. (*Reddington* v. *Elco Merchandising Corp., Inc.,* 236 App. Div. 64.)

The motion to strike out this defense is granted.

With respect to the motion for summary judgment, the notice of motion does not state under which subdivision of rule 113 of the Rules of Civil Practice the application is made. The only provision for summary judgment in an action for specific performance is found in subdivision 7 of rule 113, and that subdivision is limited to contracts in writing for the sale or purchase of property, including such alternative and incidental relief as the case may require. The present action is one for specific performance of a covenant for the release of a mortgage. But, even assuming that summary judgment could be granted in the present action, it must nevertheless be denied, not only because the first two separate defenses raise meritorious issues, but for an even more serious reason. The mortgage release clause provides that payment of the amount specified for the release of the mortgage lien *shall be in cash.* The

affidavit submitted in support of the motion for summary judgment recites that plaintiff offered the defendant a *check* which the defendant refused to accept. Furthermore, it does not appear from the affidavits that the plaintiff has kept the tender good. (*Werner* v. *Tuch*, 127 N. Y. 217.)

The defendant may serve an amended answer within ten days after service of a copy of this order with notice of entry thereof upon the attorney for the defendant.