■ ELINOR HOMES COMPANY et al., Respondents, v BON AIRE INDUSTRIES, INC., et al., Defendants, and TOWN OF CLARKSTOWN, Appellant.—In an action to foreclose a mortgage, the intervenor, Town of Clarkstown, appeals from so much of an order of the Supreme Court, Rockland County, dated November 3, 1978, and amended by a further order of the same court, dated November 22, 1978, as granted summary judgment to the plaintiffs against the intervenor town. Order, as amended, reversed insofar as appealed from, with $50 costs and disbursements, and the matter is remitted to the Supreme Court, Rockland County, for a hearing in accordance herewith. The plaintiffs mortgagees' right to foreclose is not disputed. The intervenor, Town of Clarkstown, seeks only to exempt from the lien of the mortgage under foreclosure a certain strip of land and to have it donated to the town for road purposes in accordance with the following clause in the rider to the mortgage agreement: "9. Upon five (5) days prior written notice to its Attorney, the Holder of this Consolidated Mortgage agrees to execute, acknowledge and deliver to the Town of Clarkstown, without requirement of any payment or other consideration therefor, a release from the lien of this mortgage of a strip of land, being not more than fifty (50) feet in width, provided it is shown and designated as a proposed street or road on a revision of Subdivision plan entitled 'Kingsgate', which revised Subdivision Plan has been duly filed in the Office of the Clerk of the County of Rockland." The plaintiffs have argued that they are not required to make the release because a revised subdivision plan has not been formally filed and because the mortgage is in default. For the latter proposition, plaintiffs rely on so much of the rider to the mortgage agreement as provides: "6. The Mortgagor shall not be entitled to obtain any Releases of Part of the Mortgaged Premises if at the time a Release is requested, the Mortgagor shall be in default hereunder." Neither the above no-default clause, nor the failure to have duly filed a revised subdivision plan justify summary judgment against the town. The no-default clause, by its terms, refers to releases running to the benefit of the mortgagor, whereas the clause in issue involves a release which primarily benefits the town. The no-default clause follows the release clauses which generally refer to the release of parcels from the mortgage as they are developed by the mortgagor, whereas, the subject release clause appears several paragraphs after the no-default clause and is not directly related to affirmative obligations of the mortgagor. Therefore, absent evidence of intent, it cannot be said that the no-default clause unequivocally bars the town's right to a release (see *Rosenberg v General Realty Serv.,* 231 App Div 259, affd 259 NY 123). The town has demonstrated that all preliminary steps have been taken to facilitate the release of land for road purposes. It appears that there was at least tacit agreement as to what strip of land was intended to be released, and said strip is so designated on certain subdivision plans. All necessary approvals have been obtained from State and local authorities and it appears that only the formal filing of a revised plan is required. The town has alleged that this final step was not completed because the plaintiffs failed to co-operate and thereby frustrated performance. If so, the failure to file would not bar the town's right to the release (see *Kooleraire Serv. & Installation Corp. v Board of Educ.,* 28 NY2d 101, 106). Therefore, the town should be afforded a hearing to prove that the no-default clause was not intended to affect the

release of the land to the town and that the failure to perform the condition of filing was a result of plaintiffs' efforts to frustrate performance. Mollen, P. J., Damiani, O'Connor and Rabin, JJ., concur.